LA PREE v. DE PEW'S ESTATE.

1. EXECUTORS AND ADMINISTRATORS—CLAIM FOR SERVICES—PAYMENT—QUESTION FOR JURY.

In an action against an estate for services rendered to deceased in his lifetime, testimony that plaintiff admitted receiving a certificate of deposit from decedent, *held*, to present a question for the jury as to whether it was given to and accepted by her in full payment.

2. SAME—TRIAL—INSTRUCTIONS—APPEAL AND ERROR—CHARGE AS WHOLE.

Where said issue was fairly presented to the jury in the charge as a whole, certain portions of the charge *held*, not misleading, in the absence of any request to charge thereon.

3. SAME—PAYMENT—BURDEN OF PROOF—PRESUMPTIONS.

Where payment is relied on as a defense, the burden is on the defendant to establish it, and the burden does not shift to plaintiff to show that a payment received was not in full, there being no presumption of law that a sum paid is in full satisfaction.

4. COSTS—NO COSTS ALLOWED WHERE APPELLEE FILED NO BRIEF.

Where no brief was filed by appellee, no costs will be allowed, on affirmance, on appeal.

Error to Newaygo; Barton (Joseph), J. Submitted June 14, 1922. (Docket No. 82.) Decided July 20, 1922.

Ella LaPree presented a claim against the estate of John W. DePew, deceased, for services rendered. The claim was disallowed by the commissioners, and claimant appealed to the circuit court. Judgment for claimant. Defendant brings error. Affirmed.

*F. E. Wetmore* and *Ray Trucks*, for appellant.

*William J. Branstrom* and *W. J. Turner, Sr.*, for appellee.

SHARPE, J. John W. DePew lived on a small farm in Newaygo county for many years. His children married and went to reside in distant States. After the death of his wife, the plaintiff, a widow, a relative of a near neighbor, with her male child 14 years old, went to his home in 1908 and performed not only the duties of a housekeeper but did much outside work on the farm. She married again in 1915, but after a few months separated from her husband and was later divorced. She returned to the home of the deceased and remained with him until his death. There is an abundance of testimony tending to show an intent on the part of the deceased to pay plaintiff for her services. The circumstances under which they were

rendered in no way indicate that they were expected to be gratuitous. Plaintiff presented a claim against the estate for services thus rendered. It was disallowed in probate court. On appeal to the circuit court, the jury awarded her $2,494. The administrator of the estate seeks review of the judgment entered by writ of error. The errors assigned relate to the refusal to direct a verdict against plaintiff and the court's instructions to the jury.

1. It appears from the proofs that on the day Mr. DePew died plaintiff exhibited to Lloyd Orcott a certificate of deposit for $1,000, drawn to deceased and indorsed by him. Mr. Orcott testified:

"When I arrived, she (Mrs. LaPree) met me at the door, and she said, 'well, Lloyd, John is gone.' I stepped inside and she said 'that he left me a little over a thousand dollars, wasn't that nice.' And I said 'yes.'"

Flossie Shingledecker testified:

"The first I knew anything about it, Mrs. LaPree showed me a one thousand dollar deposit check signed by Mr. DePew and said Mr. DePew had given that to her in case anything happened to her during his sickness that he wished her to have pay for her work that she did for him. * * * That was all, excepting a liberty bond that was signed."

It further appears that a part of the $1,000 so received by claimant was used by her in the payment of the funeral expenses of the deceased.

Counsel for the estate insist that this testimony established the fact that the $1,000 certificate was accepted by plaintiff in full payment and satisfaction for the services rendered by her. Our recent holdings in *Holmes* v. *Connell's Estate,* 207 Mich. 663, and *Johnson* v. *Charles' Estate,* 217 Mich. 691, are said to be controlling. In the former case, the acceptance of a bequest to claimant in the will of the deceased "as

a token of my regard and appreciation of her services" was held to bar her recovery for services rendered. The intention of the testator, as evidenced by the language of the bequest, was apparent. In the *Charles' Estate Case,* the payment made to the claimant when she left the home of the deceased was expressly stipulated to be "in full" for services rendered.

The trial court charged the jury that if plaintiff received the $1,000 certificate "with the understanding that that should compensate her in full" she could not recover. We think a question for the jury was presented. The declaration of claimant was not so clearly an expression that the certificate was given to and accepted by her in full payment for the services she had rendered as to justify so holding as a matter of law.

2. Error is assigned on the following portions of the charge:

"The burden is not on the plaintiff to prove that there was a specific agreement in relation thereto in the original instance, but the law implies an agreement to pay for services rendered."

Immediately thereafter the court said:

"However, there is evidence in the case which you will weigh, as to whether he had specifically agreed that he would compensate this woman, either before or after his death for services which she rendered for him in his behalf.

"The burden of proving the claim is upon the claimant to prove her claim by a preponderance of the evidence. By preponderance, is not necessarily meant the greater number of witnesses be sworn upon the one side or the other, but the greatest probability of the truth to be upon the side of the one having the affirmative of the issue."

No request to charge was preferred by the defendant. The issue, as revealed by a careful reading of the record, was whether the $1,000 certificate received by

plaintiff was in full satisfaction of her claim. We do not think the jury were in any way misled by the instruction given. On the contrary, taking the charge as a whole, we are of the opinion that the case was fairly submitted to them.

3. The court instructed the jury that the burden of proving payment was on defendant. Of this counsel do not complain, but they insist that when they had proven the receipt of the certificate by plaintiff the burden shifted to her "to show that such payment was not in full." We do not understand this to be the rule. Where payment is relied on as a defense, the burden is on the defendant to establish it. There is no presumption of law that a sum paid is in full satisfaction and, if it be insisted that it is, the burden is on defendant to so satisfy the jury. We cannot conclude that defendant was entitled to a directed verdict. The facts in dispute were properly submitted to the jury, who found for the plaintiff.

The judgment is affirmed. No brief having been filed by the appellee, no costs will be allowed.

FELLOWS, C. J., and WIEST, MCDONALD, CLARK, BIRD, MOORE, and STEERE, JJ., concurred.