## MANGLARES v. PASSIALES.

1. PLEADING—PAYMENT IS AFFIRMATIVE DEFENSE NOT AVAILABLE UNLESS SPECIALLY PLEADED—CIRCUIT COURT RULE.

   Under Circuit Court Rule No. 23, § 2, payment of an obligation is an affirmative defense, and in an action thereon said defense is not available unless specially pleaded, except it be admissible under the theory of the declaration, or where the plaintiff assumes the burden of proving nonpayment.

2. SAME—AFFIRMATIVE DEFENSES MUST BE SPECIALLY PLEADED.

   In an action on a contract of hire, the defense that plaintiff was employed by a partnership and that his action is against all of its members rather than against defendant personally is an affirmative matter by which defendant seeks "to defeat the cause of action set forth in plaintiff's declaration," and is also a matter which "would be likely to take the opposite party by surprise," and is therefore an affirmative defense under Circuit Court Rule No. 23, § 2, not open to defendant because not specially pleaded.

3. APPEAL AND ERROR—DENIAL OF MOTION FOR NEW TRIAL NOT
   REVIEWABLE WHERE RECORD FAILS TO SHOW MOTION PASSED ON.
      Denial of motion for new trial is not open to review where
      the record does not show that the trial court was requested to
      file reasons in the event that he denied it, no such reasons
      were filed, and it does not appear that the motion was ever
      passed on.

Error to Berrien; White (Charles E.), J. Submitted June 13, 1928. (Docket No. 141, Calendar No. 33,827.) Decided October 1, 1928.

Assumpsit by Tom Manglares against James Passiales for work and labor. Judgment for plaintiff. Defendant brings error. Affirmed.

*Wilber M. Cunningham* (*George H. Bookwalter,* of counsel), for appellant.

*John J. Sterling,* for appellee.

McDONALD, J. This suit was brought to recover the sum of $1,010 which the plaintiff claims is due from the defendant on a contract of hire. The defendant and three other men owned and operated what is known as Emery's resort in the county of Berrien, Michigan. On January 29, 1925, they purchased an adjoining farm. It is the plaintiff's claim that soon after it was purchased the defendant hired him to work upon the farm and agreed to pay him $100 a month; that he worked for 11 months and was paid $90, leaving a balance due of $1,010. The defendant denies that he made any contract with the plaintiff to work on the farm. It is his claim that what work the plaintiff did was not done for him individually but for the joint owners of the farm, and that they paid him in full. On the trial, when the proofs were closed, the court refused to direct a

verdict in favor of the defendant. The plaintiff had verdict and judgment for $1,085.75. The defendant has brought error.

Three assignments of error are discussed in defendant's brief.

*First.* That the court erred in refusing to allow the defendant to make the defense of payment. The same men who owned the farm owned and jointly operated the Emery resort. Part of the time the plaintiff worked in the resort and at other times on the farm. He testified that he was employed by the defendant to take his place on the farm. It was the defendant's theory that, whether working on the farm or in the resort, the plaintiff was working for the partnership, and that the partnership paid him in full. The plaintiff raised the objection that the defense of payment was not open to the defendant because it was not specially pleaded. The court so held, but admitted testimony of payment for the purpose of showing whether the debt was the defendant's or a partnership obligation.

Circuit Court Rule No. 23, § 2, says that payment is an affirmative defense and must be specially pleaded. Undoubtedly, there are cases where by reason of the theory of the declaration or where the plaintiff assumes the burden of proving nonpayment, such a defense would be available to a defendant without specially pleading it. But this is not such a case. In view of the circumstances here, the plaintiff was entitled to notice that the defendant claimed payment. The court did not err in so holding.

The second assignment of error relates to the ruling of the court to the effect that the affirmative defense of partnership was not available to the defendant because it was not specially pleaded. Circuit Court Rule No. 23, § 2, provides:

"Any defense which by other affirmative matter seeks to avoid the legal effect of or defeat the cause of action set forth in the plaintiff's declaration, and any ground which, if not raised on the pleadings, would be likely to take the opposite party by surprise, must be plainly set forth in a notice added to the defendant's plea."

The defense that the plaintiff was employed by a partnership and that his action was against all of its members is an affirmative matter by which the defendant seeks "to defeat the cause of action set forth in the plaintiff's declaration." Further, it is a matter which "would be likely to take the opposite party by surprise." The court was right in holding that such defense was not open to the defendant because not specially pleaded.

The only other question discussed in the defendant's brief is that the court erred in refusing to grant a new trial on the ground that the verdict is against the great weight of the evidence. A motion for a new trial was made, but there is nothing in the record to show that the court was requested to file his reasons in the event that he denied it. No such reasons were filed, and in fact it does not appear that the court ever passed on the motion. The question raised by the assignment of error is not before us.

The record in this case shows no reversible error.

The judgment is affirmed, with costs to the plaintiff.

FEAD, C. J., and NORTH, FELLOWS, WIEST, CLARK, POTTER, and SHARPE, JJ., concurred.