## LOOMIS v. BOUND.

1. PAYMENT—PLEADING—SUBSTANTIVE DEFENSE MUST BE SPECIALLY PLEADED.

   Payment is substantive defense, which must be specially pleaded if it is to be relied on.

2. APPEAL AND ERROR.

   Where only questions of fact are involved, on review, and verdict of jury is sustained by evidence, judgment is affirmed.

Error to Chippewa; Runnels (Herbert W.), J. Submitted April 15, 1930. (Docket No. 118, Calendar No. 34,810.) Decided June 2, 1930.

Assumpsit by Elwin D. Loomis against Albert T. Bound on agreement made in dissolution of partnership. From judgment for plaintiff, defendant brings error. Affirmed.

*Davidson & Hudson,* for plaintiff.

*E. S. B. Sutton (Albert E. Sharpe,* of counsel), for defendant.

POTTER, J. Plaintiff recovered judgment on trial in the circuit court, and defendant brings error. The parties had been copartners in the lumber business in northern Michigan. This partnership had not been profitable. The defendant claimed plaintiff was misappropriating money of the partnership, and filed a bill for an injunction against him in Chippewa circuit court. It is plaintiff's claim that after the filing of this bill of complaint against him by defendant, the parties got together and plaintiff turned over to defendant certain timber permits, and in consideration thereof defendant as-

sumed and agreed to pay a note of $5,000 held by the bank in Sault Ste. Marie; that, in pursuance of this agreement, the timber permits were turned over by plaintiff to defendant; that defendant neglected and refused to pay the $5,000 note at the bank; that default having been made in the payment of the note at the bank, it instituted suit against plaintiff and defendant and recovered judgment in the circuit court for Chippewa county; that execution was issued upon the judgment and levied upon plaintiff's property, and upon the sale thereof $4,-524 was realized and the execution satisfied to that extent.

Plaintiff sued defendant herein to recover $4,803, being the amount realized on the execution sale of plaintiff's property by the bank, together with interest. Upon the trial, judgment was recovered for $5,000. Defendant claims the case should have been transferred to the equity side of the court for an accounting. After the filing of plaintiff's declaration, a plea was filed by defendant, but the question of payment was not raised by plea. Ordinarily, payment is a substantive defense which must be specially pleaded if it is to be relied upon. 48 C. J. p. 666. This is the rule in this State. Circuit Court Rule No. 23; *Manglares* v. *Passiales*, 244 Mich. 188. As this record comes to us, only questions of fact are involved. The case was submitted by the trial court to the jury on a fair charge which defined the issues. The jury found a verdict in favor of plaintiff. There was evidence to sustain the verdict, and judgment is affirmed, with costs to plaintiff.

WIEST, C. J., and BUTZEL, CLARK, McDONALD, NORTH, and FEAD, JJ., concurred. SHARPE, J., did not sit.