SMITH *v.* SMITH.

1. PAYMENT—PLEADING.
    Payment, whether in whole or in part, is affirmative defense, which must be pleaded to be available.

2. SAME—BURDEN OF PROOF.
    Defendant pleading partial payment as defense has burden of proving it.

3. SAME—RECEIPT PRIMA FACIE EVIDENCE ONLY.
    Authentic receipt is only *prima facie* evidence of payment, and unauthenticated receipt is no evidence at all.

4. SAME—EVIDENCE—SUFFICIENCY.
    Where defendant offered in evidence receipt of partial payment found among her husband's papers, but of which she had no personal knowledge, and plaintiff denied giving receipt or receiving such payment, evidence *held*, insufficient to establish that said alleged payment was made.

Appeal from Ingham; Carr (Leland W.), J. Submitted January 19, 1933. (Docket No. 111, Calendar No. 37,004.) Decided March 1, 1933.

Bill by Augustus N. Smith against George H. and Ruth M. Smith to foreclose a real estate mortgage. Decree for plaintiff. Defendant Ruth M. Smith appeals. Affirmed.

*John F. Berry,* for plaintiff.

*Clyde V. King* and *Cummins & Cummins,* for defendant Ruth M. Smith.

WIEST, J. The bill herein was filed to foreclose a real estate mortgage for $3,000, given by defendants

to plaintiff in 1923. Defendant Ruth Smith appeared and asserted that $1,500 was paid on the mortgage December 18, 1926, and produced an alleged receipt to such effect, which she claimed to have found among her husband's papers after their separation. Whether such a payment was made was the issue in the circuit court. The circuit judge was unable to adjudge that the alleged payment was made, and defendant Ruth Smith reviews by appeal.

At the time the mortgage was given, defendants were husband and wife, but later they separated, Ruth filed a bill for divorce, and that case was heard just before this case, and is here for review by appeal of George Smith. George Smith is plaintiff's son. Payment, whether in whole or in part, is an affirmative defense. Court Rule No. 23 (1931). It must not only be pleaded (*Loomis* v. *Bound,* 251 Mich. 173), but the burden rests upon defendant to prove it. *LaPree* v. *DePew's Estate,* 219 Mich. 612. An authentic receipt is only *prima facie* evidence (*Brusseau* v. *Potter's Estate,* 217 Mich. 165), and an unauthenticated receipt is no evidence at all. Was authenticity of the receipt established? Defendant Ruth Smith knew nothing about it beyond finding it among her husband's papers. Plaintiff denied giving it or receiving such payment. Defendant George Smith was a witness, but his testimony was not helpful to either party.

Upon consideration of all the evidence, we are unable to find that the alleged payment was made.

The decree is affirmed, with costs.

McDONALD, C. J., and CLARK, POTTER, SHARPE, NORTH, FEAD, and BUTZEL, JJ., concurred.