TEXAS CO. v. GENETSKI.

1. PARTNERSHIP—LIABILITY OF WITHDRAWING PARTNER FOR FIRM
   DEBTS.
   A withdrawing partner is not upon withdrawal released from
   liability for a partnership debt due at that time and has burden
   of showing satisfaction of such debt by subsequent payments
   on open account and application thereof to that debt.

2. SAME—WITHDRAWAL—PAYMENT OF BALANCE OF RUNNING AC-
   COUNT.
   If account kept by creditor of partnership showed application
   of payments upon a running account more than sufficient to
   extinguish balance of account at time of dissolution of firm
   and balance of account sought to be collected was for indebted-
   ness subsequent to the withdrawal of a partner, then, if notice
   of the withdrawal had been given to the creditor, withdrawing
   partner was not liable on the account.

3. SAME—INSTRUCTIONS—WITHDRAWAL—NOTICE TO CREDITORS—AP-
   PLICATION OF PAYMENTS.
   In creditor's action to collect balance due on a partnership
   account, instruction to jury that if notice of withdrawal of
   a partner were given creditor, subsequent payments were ap-
   plied as on a running account without distinguishing between
   items before and after dissolution of debtor firm, that pay-
   ments made were sufficient to extinguish firm debt due at time
   of dissolution and that balance of account would be collectible
   only from remaining partner was proper.

Appeal from Iron; Bell (Frank A.), J.   Submit-
ted October 5, 1939.   (Docket No. 47, Calendar No.
40,631.)   Decided December 20, 1939.

Assumpsit by the Texas Company, a Delaware
corporation, against Anton J. Genetski and Thomas
Budzak, copartners under the style and firm name of

Iron County Oil Company, for sums due on account. Directed verdict and judgment for plaintiff against defendant Genetski. Verdict and judgment for defendant Budzak. Plaintiff appeals. Affirmed.

*M. S. McDonough* and *James T. Nielsen,* for plaintiff.

*Fred F. Murphy,* for defendants.

WIEST, J. In October, 1935, Anton J. Genetski and Thomas Budzak formed a partnership to do business under the name of Iron County Oil Company. September 23, 1937, they were, as such copartners, indebted to plaintiff to the amount of $5,128.33. This suit was brought to have recovery of $2,596.28, the balance due March 16, 1938.

Defendant Budzak denied liability, claiming that the partnership was dissolved by his withdrawal therefrom on September 23, 1937, with notice of such fact by letter to plaintiff, and also knowledge thereof by an agent of plaintiff, and thereafter Mr. Genetski carried on the business and paid plaintiff on general account sufficient money to satisfy the mentioned indebtedness at the time of the dissolution.

At the trial the court directed the jury to return a verdict against Genetski for the balance due and also against Budzak, unless he had satisfied the jury, by a preponderance of the evidence, that he withdrew from the partnership as claimed and notified plaintiff of the dissolution, either by letter or notice to its agent.

The jury found Budzak not liable. Plaintiff reviews by appeal, contending that both defendants are liable and the court was in error in refusing to direct a verdict to such effect and in denying plaintiff a judgment notwithstanding the verdict.

Plaintiff claims that after September, 1937, sums of money received were for specific items of merchandise and therefore Budzak, not having been released from the obligations of the partnership at the time of his claimed withdrawal, is liable for the balance remaining unpaid upon open account.

The court instructed the jury:

"It appears from the bill of particulars that deducting certain credits, which were offset by the fact that checks sent in were not paid for lack of funds, and deducting cars of oil or gas that were shipped after September, 1937, upon bill of lading, that Genetski paid the plaintiff company more than the balance of $5,128.33 during the remainder of the time that he was in business, and Budzak claims that he is entitled to credit for those payments.

"Now ordinarily when a debtor pays money to his creditor and owes a creditor upon more than one account, the creditor may apply those funds at his election upon either balance. It appears here undisputed that as Genetski paid money it was applied upon a running account, and it is the claim of the defendant Budzak that it paid the account down sufficiently to wipe out Budzak's liability, this on the theory that Budzak was no longer a partner.

"I charge you that if it is established by a preponderance of the evidence that the parties had dissolved and the plaintiff company had notice of it and applied the money to a running account against the oil company without distinguishing between the two accounts, that it would be sufficient to wipe it out, to wipe out the account, but whether it did or not depended entirely upon whether or not Budzak had withdrawn, had dissolved the partnership with his partner, and had given notice to the plaintiff so that the plaintiff was upon notice that it was no longer selling to Budzak.    *    *    *

"Now, if you find that the defendant Budzak has not established that he brought home to the com-

pany notice of his actual dissolution, and if you find that he has not established that there was an actual dissolution, then the plaintiff is entitled to the same verdict against him as it is against Genetski.

"But, if you find that he did establish that dissolution and that notice of that dissolution was given to the plaintiff, then, since it appears here that Genetski, who was obligated both for what he bought after September and obligated also for what was bought before September, since he has paid more than the balance of over $5,000 which was due when Budzak retired, if you say he retired, then since also it was applied to the running account, the payments were applied to the running account from time to time, then there was sufficient to wipe out the amount due from Budzak and Genetski, and the balance here would be due only from Genetski. It is a question of the application of the payments on the one hand, and the bill of particulars shows the payments were applied as I said, and upon the other hand the question of dissolution and notice."

Upon withdrawal defendant Budzak was not released from liability for the debt due plaintiff at that time and the burden was on him to show satisfaction of such debt by subsequent payments on open account and application thereof to the mentioned indebtedness. If the account kept by plaintiff, as evidenced by the itemized bill of particulars, showed application of payments upon a running account and for the balance of which recovery was sought, and such balance, therefore, was upon indebtedness subsequent to the withdrawal of Budzak, then, if notice of the withdrawal was given to plaintiff, there could be no recovery against defendant Budzak.

The record and the bill of particulars justify the instruction given the jury and the effort to have the bill of particulars now considered in a different light

and without, so far as we can find, supporting testimony in the record, does not call for reversal.

Affirmed, with costs to defendant Budzak.

BUTZEL, C. J., and BUSHNELL, SHARPE, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred.