In October, 1930, the commissioners on claims in the matter of the estate of Albert J. Dunneback, deceased, allowed a claim in favor of First National Bank in Detroit for $2,650 and a claim in favor of Peoples Wayne County Bank for $5,873, both predicated upon promissory notes. From the allowance of these claims no appeal *Page 75 
was taken. Through a succession of mergers and changes of name, these claims eventually became the property of First National Bank-Detroit, which went into receivership, and B.C. Schram is now the duly appointed, qualified and acting receiver of said bank and as such he is the plaintiff and appellee herein.
The appellant, Clarence J. Dunneback, had become administratorde bonis non, with will annexed, of the estate of Albert J. Dunneback, deceased, in September, 1932, succeeding the former executors. For brevity, the appellant will hereinafter be referred to as the administrator. In November, 1932, the administrator called at First National Bank-Detroit on a personal matter and talked to Mr. Bodde, its vice-president. Mr. Bodde brought up the matter of the indebtedness of the Dunneback estate to the bank and asked the administrator to give new notes to the bank so that the bank's books would show current notes instead of the past due notes comprising the bank's claim against the estate. Pursuant to Mr. Bodde's request, the administrator executed and delivered to him two new notes. These instruments were signed by Clarence J. Dunneback as administrator de bonisnon, with will annexed, of the estate of Albert J. Dunneback, deceased, but he had no authority from the probate court so to do. Accompanying the two notes and as part of the same transaction, the administrator executed and delivered two checks to Mr. Bodde, payable to the bank, one for $131 and one for $52.73. These two checks were given on account of the bank's established claim against the estate. They were checks of the estate and not personal checks of the administrator. Mr. Bodde handed the administrator the original notes underlying the bank's allowed claim against the estate. He did not request the administrator's personal notes or checks *Page 76 
and the administrator testified that he did not understand that he was, or was intended to be, personally liable on the new notes. There was no understanding that the bank was relinquishing its established claim against the estate. As a matter of fact, within a week thereafter, the administrator received a letter from one of the loan departments of the bank which had reference to the transaction between Mr. Bodde and the administrator and which specifically declared that the bank was not relinquishing its claim against the estate by the acceptance of the new notes and the small checks from the administrator.
Thereafter, the administrator had no further dealings in the matter until after First National Bank-Detroit had passed from the control of its own officers and directors and into the hands of a receiver. No release, waiver, withdrawal, discharge or other acquittance of the bank's claim as allowed against the estate was ever given to the administrator or filed in the probate court.
Mr. Bodde, the vice-president of the bank with whom the administrator dealt in November, 1932, was deceased at the time of the trial.
The obligations are as yet unpaid, and the estate is still open. Shortly before the petition in this action was filed, the receiver brought an action on the new notes in the Federal district court against Clarence J. Dunneback, personally, but upon receiving the answer denying personal liability this suit was voluntarily dismissed by the receiver before trial. Thereafter, in 1940, plaintiff filed his petition in the Wayne county probate court to compel payment of the claims allowed in 1930 by the commissioners on claims, and on March 7, 1941, the probate court entered an order finding the estate solvent and directing the administrator to pay the receiver's *Page 77 
claim, together with interest, within 90 days. The administrator appealed from this order to the circuit court where a judgment was entered affirming the order of the probate court. It is from the judgment so entered that this appeal is taken.
The contention of the defendant is that the two new notes acted as a payment and discharge of the allowed claim, and that the receiver's remedy must be based on the 1932 notes which now may be defended against by pleading the statute of limitations and also lack of authority by the administrator to execute the notes and thus bind the estate.
The unappealed decision from the order of the commissioners on claims had a finality in the nature of a judgment. Flynn v.Lorimer's Estate, 141 Mich. 707; Chapoton v. Prentis,144 Mich. 283; United States v. Shaw, 309 U.S. 495
(60 Sup. Ct. 659, 84 L.Ed. 888).
While the estate is still open, the claims if unpaid or not discharged are still valid charges against the estate. In re VanSyckle's Estate, 202 Mich. 404.
Payment is an affirmative defense and the burden rests upon the defendant to prove it. Smith v. Smith, 262 Mich. 60. Acceptance of a promissory note is not payment of a pre-existing liquidated debt in the absence of an agreement to accept it as such. People, for use of P. Koenig Coal Co., v. Davis,237 Mich. 165; Furlong v. Manufacturers National Bank, 285 Mich. 517. There is no testimony in the record to the effect that the two notes were intended to be accepted as payment; in fact, the proof shows conclusively otherwise.
The fact that the original notes were surrendered is not the test for payment. A renewal note does not operate as payment of the original debt in the absence of a novation or express agreement of the *Page 78 
parties. See The Molsons Bank v. Berman, 224 Mich. 606
(35 A.L.R. 1289), and cases cited therein.
Here, the administrator admitted that the letter from the bank written to him shortly after the issuance of the new notes, which stated that the bank was not relinquishing its claim against the estate, was the understanding between the parties. There can be no novation as the undisputed testimony shows there was no personal liability on the part of Clarence J. Dunneback, despite the new notes being issued without the consent of the probate court. Annis v. Pfeiffer, 278 Mich. 692. Furthermore, there was definitely no intent to substitute a personal liability on the part of Dunneback for the liability of the estate.
As to the requisites for novation, see George Realty Co. v.Gulf Refining Co., 275 Mich. 442.
It is claimed that there was error in admitting the probate court files wherein the administrator continuously listed the claims as allowed against the estate and not paid, and error in admitting the file containing the pleadings in the Federal district court wherein the receiver sought to hold the administrator personally liable. Said files and pleadings were clearly admissible although the admissions therein were not conclusive, and defendant was not estopped from showing the contrary. Snider v. Schaffer, 276 Mich. 92. However, defendant made no attempt to contradict the contents of said files and in fact by his answer admitted the correctness of the same.
We are in accord with the findings and conclusions of the trial court and the judgment is affirmed, with costs to plaintiff.
BOYLES, NORTH, STARR, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred. WIEST, J., took no part in this decision. *Page 79