EWING *v.* HEATHCOTT.

1. PLEADING—STATEMENT OF FACTS.
   Pleadings must contain a plain and concise statement of facts on which the pleader relies in stating his cause of action or defense (Court Rule No 17, § 1 [1945]).

REFERENCES FOR POINTS IN HEADNOTES

[1] 41 Am Jur, Pleading § 25.
[2] 41 Am Jur, Pleading § 77 *et seq.*
[3] 41 Am Jur, Pleading §§ 30, 359.
[4] 41 Am Jur, Pleading § 368.

2. SAME—BILL OF COMPLAINT—CROSS BILL.

A bill of complaint, or a cross bill, must reasonably inform the opposite party of the nature of the. cause of action (Court Rule No 21 [1945]).

3. SAME—TECHNICAL OBJECTIONS.

Rule that technical objections to pleadings are not looked upon with favor does not eliminate the basic requirement to a fair trial that the opposite party be reasonably apprised of the nature of the cause of action or defense (Court Rules No 17, § 1, No 21).

4. EQUITY—ISSUES—TIME OF PRESENTMENT.

Issue as to initial validity of land contract, not having been pleaded nor mentioned at the pretrial hearing, nor the subject of proper amendment at the hearing, may not be raised for the first time at final argument or on appeal.

5. VENDOR AND PURCHASER—FORECLOSURE OF LAND CONTRACT—VIOLATION OF STATUTE OR ORDINANCE.

Record in suit to foreclose land contract held, not to show intention of, or result in, violating statutes or building ordinance prohibiting a higher density of building construction on the area involved than would be allowed by the standards set forth therein (CL 1948, §§ 125.412, 125.413, 125.418, 125.451, 125.501; Detroit Building Code, § 2949).

Appeal from Wayne; Moynihan (Joseph A.), J. Submitted October 10, 1956. (Docket No. 86, Calendar No. 46,847.) Decided May 17, 1957.

Bill by Virginia S. Ewing against Jeff Heathcott to foreclose land contract. Cross bill asking rescission. Decree for plaintiff. Defendant appeals. Affirmed.

*Kopietz & Burau* (*Frank M. Kopietz,* of counsel), for plaintiff.

*Charles Bowles,* for defendant.

EDWARDS, J. In this case the seller of an old house, on a land contract, filed a bill of complaint for fore-

closure, to declare the total sum due under the acceleration clause, and to repossess the premises. The purchaser filed a cross bill seeking rescission of the contract on grounds of fraud.

At trial plaintiff proved her case as to the contract and the delinquency thereon. The defendant failed to prove fraud warranting rescission and on appeal abandons that defense. No appeal is taken as to either issue.

What started out as an ordinary foreclosure proceedings, on appeal took a new twist. For defendant below (and appellant here) now argues that the land contract when made was in violation of State laws and city ordinances and, hence, void *ab initio*. CL 1948, §§ 125.412, 125.413, 125.418, 125.451, 125.501 (Stat Ann 1949 Rev §§ 5.2783, 5.2784, 5.2789, 5.2823, 5.2873); Detroit Building Code, § 2949.

The property in question originally was a lot 40' x 150' on which a house had been built by 1884, and a commercial garage building had been built in 1926 under city of Detroit building permit. The statutes and ordinance cited are the portion of the State housing and city building codes which establish minimum front, back and side yard requirements for residential buildings. The ordinance refers to "remodeling of existing dwelling;" the statutes to dwellings or buildings "hereafter erected," or to alterations to "existing" buildings.

The situation may be most effectively described by the plot plan of the lot in question, exhibit 9:

Defendant now claims that the land contract, by purporting to convey only the house and the lined portion of the lot, violated the provisions referred to above and hence was void *ab initio.*

A review of defendant's pleadings indicates that this defense of void contract was not pleaded, defendant relying therein on a claim of illegal occupancy, misrepresentation and fraud. The issue was not referred to in the pretrial statement. No motion to amend to add this defense during trial may be found in the record.

The defense may have been argued, since the trial judge included the following in his opinion:

"There is nothing in the pleadings or particularly in the cross bill of the plaintiff [*sic*] demanding rescission of this contract on the grounds as set forth in counsel for defendant's argument at this time.

"It is plainly to be seen that the reason now for the so-called rescission is that, defendant getting behind in his payments to such an extent he made it necessary for the plaintiff to pursue a remedy at law, now this defense is raised for the first time.
* * *

"Being of the mind that plaintiff has made out her case entitling her to relief on this contract and the defendant has failed to make out his case by way of his cross bill and making a finding that, as far as this court is concerned, the pleadings do not, nor do the facts, support the defendant's contention as to a right of rescission of this contract, it follows that a decree may be entered in favor of the plaintiff and against the defendant."

The cross bill referred to by the trial judge was obviously that of the defendant and appellant.

Michigan Court Rule No 17, § 1 (1945), entitled "general rules of pleading," requires:

"All pleadings must contain a plain and concise statement without repetition of the facts on which the pleader relies in stating his cause of action or defense, and no others."

A bill of complaint, or. a cross bill, like a declaration, must reasonably inform the opposite party of the nature. of the cause of action. Honigman, Michigan Court Rules Annotated, Rule 21, author's. comment, p 197.

It is certainly true that technical objections to pleadings are no longer looked upon with favor. *Hanselman* v. *Carstens,* 60 Mich 187; *Fortner* v. *Koch,* 277 Mich 429; *Spelman* v. *Addison,* 300 Mich 690. But the requirement that the opposite party be reasonably apprised of the nature of the cause of action, or of the defense, has always been, and still is, regarded as basic to a fair trial. *Carney* v. *Hotchkiss,* 48 Mich 276; *McDonald* v. *Hall,* 193 Mich 50; *O'Rourke* v. *Deffenbaugh,* 280 Mich 407; *Hartley* v. *A. I. Rodd Lumber Co.,* 282 Mich 652.

Since the issue currently discussed was neither pleaded, nor mentioned at pretrial, nor the subject of proper amendment at trial, it may not be raised for the first time at final argument or on appeal.

Nor do we find on review of the statutes and ordinance cited any prohibition relative to the instant land contract such as to warrant enforcement *sua sponte* either by the trial court or by this Court.

The purpose of the statutes and the ordinance in question is to prohibit higher density of building construction on the land area in question than would be allowed by the standards set forth therein. This record makes no showing that any violation of that purpose was intended or would result from this sale of a portion of a lot previously overbuilt in a preceding generation.

The decree of the trial court is affirmed, with costs, to the appellee.

DETHMERS, C. J., and SHARPE, SMITH, KELLY, CARR, and BLACK, JJ., concurred.

VOELKER, J., took no part in the decision of this case.