HARMON v. PARKER.

1. MASTER AND SERVANT—CONTRACTS—EVIDENCE.

   In a suit for compensation for plaintiff's services as a carpenter, evidence that several checks used to pay him his salary were those of a corporation of which defendant was an officer was properly limited by the charge of the court to. proof of payment, under the testimony of plaintiff, not contradicted, that the checks were received by his wife and that he had never seen them, nor did he know by whom they were drawn.

2. SAME—EVIDENCE—INTENT.

   And at the trial, it was proper to exclude testimony in reply to the interrogatory of defendant whether he made the bargain in the capacity of an officer or as an individual; the fact should be established by the conversation of the parties and surrounding circumstances, not by the conclusion of the witness.

3. SAME—PRINCIPAL AND AGENT.

   It is the duty of the agent, if he would avoid personal liability, to disclose his agency. Nor is it sufficient that the other party has the means of ascertaining the name of the principal. The agent must either bring home to him actual knowledge, or that which to a reasonable man is equivalent to knowledge, or the agent will be bound, and if he does not do so he may be held personally responsible upon the presumption that he so intended.

4. SAME—TRIAL—CONTRACTS, PARTIES TO—CORPORATIONS.

   Where the issue was whether, in hiring the plaintiff as a carpenter, the defendant was dealing as an individual or as a corporate officer, and the attorney for defendant requested the court to charge that if, at the time, plaintiff knew defendant was acting in a representative capacity, only, and not in his individual capacity, there would be no necessity of disclosing the alleged agency, etc., the request, which was a correct statement of the law, and might very well have been granted by the court, was sufficiently covered by a general charge that if plaintiff had it in mind he was not hired by, or was not to

look to, defendant for his pay, the bargain was made with the corporation, and by further instructions of a general character and of similar tenor.

Error to Muskegon; Sullivan, J. Submitted June 13, 1916. (Docket No. 76.) Decided December 21, 1916.

Assumpsit in justice's court by Willis W. Harmon against Harrison M. Parker for work and labor performed. There was judgment for plaintiff and defendant appealed to the circuit court. Judgment for plaintiff. Defendant brings error. Affirmed.

*Cross, Vanderwerp, Foote & Ross,* for appellant.

*Sutherland, Johnson & Sessions,* for appellee.

PERSON, J. This is an action to recover a balance of $116.91 due to plaintiff for his labor as a carpenter. It is admitted that he rendered the services charged for, and that he is entitled to receive the amount claimed. Nor is it denied that he was employed by defendant. The only ultimate issue at the trial was: Whether plaintiff was employed by defendant acting in his individual capacity, or by him as an officer and agent for a certain company known as "the Fruitvale Company."

The work for which plaintiff claims judgment was performed by him at Fruitvale, in this State, and there is evidence tending to show that it was actually performed for the company, but the contract of employment was made in Chicago, where plaintiff resides. The defendant is an officer of several companies, and transacts a large portion, at least, of his business in Chicago. The arrangement for plaintiff's employment was made at the office of the Fruitvale Company in the Hearst Building. Plaintiff requested defendant to give him work at Fruitvale, and the terms of the em-

ployment were agreed upon. This was towards the last of November, 1914, and plaintiff continued to work under the agreement from the 31st of that month to May 1, 1915. His work, in all, came to $249.91, and he acknowledged various payments to the amount of $133, leaving the aforesaid balance unpaid. This suit was begun in justice's court, where plaintiff recovered. Judgment was again given in his favor in the circuit court, and defendant brings the case here upon writ of error.

Defendant insists that in hiring plaintiff he was acting for the company, and that this was known to and understood by the plaintiff. It is not shown that the Fruitvale Company was expressly mentioned at the time of the employment, but, aside from the fact that the contract was made in the office of that company, evidence was given tending to prove that plaintiff had worked at Fruitvale in 1912 for the Fruitvale Land-Developing Company, of which defendant was an officer; that defendant at the time of the employment furnished plaintiff with report blanks headed "The Fruitvale Company"; that plaintiff was paid from time to time for his present services by checks of the Fruitvale Company or of the Fruitvale Transportation Company; and that he receipted for the last payment received, which was in money, by a receipt running to the Fruitvale Company. There was, perhaps, other evidence tending to show that his services were rendered for the Fruitvale Company. On the other hand, plaintiff testified that he supposed defendant owned personally a portion of the property at Fruitvale, and insists that the contract for services was made by him with the defendant as an individual, and not as officer of any company. The jury, as we have said, accepted plaintiff's theory of the hiring.

Defendant offered in evidence ten checks used in

making the payments to plaintiff. Nine of these were checks of the Fruitvale Transportation Company, and one was a check of the Fruitvale Company, and all were drawn to plaintiff's order. Plaintiff admitted that these were checks by which he had been paid, but testified that they were received by his wife in Chicago while he was at Fruitvale, and that he had never seen them before. His testimony was not contradicted, and, while the checks were received in evidence, the court limited their effect to proof of payment. In this defendant thinks the court erred, and that he should have been permitted to use the checks for the purpose of showing that the company had received the benefit of plaintiff's services, and that plaintiff was hired for and by the company. Inasmuch as plaintiff had never seen the checks and did not know by whom they were drawn, we think the court was right in the limitation imposed upon their use.

During the course of the trial the following question was asked defendant by his counsel:

"And when you made the bargain with him and you said, 'I will do so and so,' were you speaking as an individual or speaking as an officer of the company?"

The answer was excluded upon the theory that the fact inquired after should be shown by the conversation of the parties and surrounding circumstances, and not by any unexpressed intent of the witness. There was no error in this.

The rule governing situations like the one disclosed in this case is thus stated in Mechem on Agency (2d Ed.), § 1413:

"The duty rests upon the agent, if he would avoid personal liability, to disclose his agency, and not upon others to discover it. It is not, therefore, enough that the other party has the means of ascertaining

193 Mich.—35.

the name of the principal; the agent must either bring to him actual knowledge, or, what is the same thing, that which to a reasonable man is equivalent to knowledge or the agent will be bound. There is no hardship to the agent in this rule, as he always has it in his power to relieve himself from personal liability by fully disclosing his principal and contracting only in the latter's name. If he does not do this, it may well be presumed that he intended to make himself personally responsible."

The instructions given by the court to the jury were substantially in accord with the foregoing rule, and we do not think that the language used should be considered objectionable.

The court was requested by counsel for defendant to give the following instruction:

"If at the time the bargain was made the plaintiff already knew that Mr. Parker was acting in a representative capacity only, and not in his individual capacity, then there would be no necessity for Mr. Parker to make it known to Mr. Harmon that he (Mr. Parker) was acting as the representative of the Fruitvale Company."

This request was a correct statement of the law, and might well have been given by the court. But we think the same idea was fairly expressed in the general charge where the court said:

"If Mr. Harmon, the plaintiff, had it in his mind that he was not hired, and was not to look to Mr. Parker for his pay, then, of course, the bargain * * * would rather have been made with the Fruitvale Company."

And again:

"I said to you before, and I repeat it again, that a man is an individual before he is the president of a company, and the law intends that people dealing with each other, rather deal with each other as individuals, unless there is something in the surrounding facts and

circumstances that would lead a jury of 12 men to believe that—fairly believe that it was not ·so intended."

On the whole we do not believe that any such error has been pointed out in the proceedings as should cause a reversal, and the judgment is affirmed.

STONE, C. J., and KUHN, OSTRANDER, BIRD, MOORE, STEERE, and BROOKE, JJ., concurred.