STEVENS *v.* GRAF.

1. PRINCIPAL AND AGENT—NAMES—DISCLOSURE—CONTRACTS.

    A contracting agent *held,* under proofs adduced, personally liable on contract made for a principal bearing a name that is the same as that of the agent, where he failed to disclose to the third person that the contract was made solely for the principal.

2. SAME—CONTRACTS—NAMES—PERSONAL LIABILITY OF AGENT.

    Fact that plaintiff had billed financially distressed corporation for services rendered in moving machinery from its plant at request of defendant who bore the same name as the corporation *held,* not controlling as to imposition of personal liability upon defendant as agent, especially where the work done was for the agent's benefit.

Appeal from Lapeer; Quinn (Timothy C.), J. Submitted October 21, 1959. (Docket No. 96, Calendar No. 48,140.) Decided November 25, 1959. Rehearing denied January 4, 1960.

Assumpsit by Allen Stevens, doing business as Allen Stevens Trucking Company, against V. L. Graf for services rendered. Judgment for plaintiff. Defendant appeals. Affirmed.

*Williams & Williams,* for plaintiff.

*Riseman, Lemke & Piotrowski,* for defendant.

VOELKER, J. Plaintiff Allen Stevens of Marysville, a trucker and mover, received a telephone request

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 2 Am Jur, Agency § 238 *et seq.*

from the defendant V. L. Graf during the afternoon
of February 8, 1957, to come immediately to the ma-
chine shop of the V. L. Graf Company in Romeo
and move some machinery and other heavy equip-
ment.  He did so, he and his crew working into the
night, and his moving bill of $797 for that and 2 sub-
sequent moving jobs was never paid.  He sued V. L.
Graf in an action of assumpsit to recover.  Graf filed
an answer categorically denying liability and assert-
ing no affirmative defenses.  The case was tried by
the court without a jury.

At the trial it came out that when the services were
performed the V. L. Graf Company, a corporation,
was in dire financial straits, owing its creditors in
excess of $180,000, and possessing little if any assets;
that the defendant was the president of the company
and that he and his wife and son owned all of the
stock; that the machines which plaintiff moved were
owned by the defendant and his wife and had been
leased to the corporation, and that defendant wanted
them moved immediately so that they might not be
seized as assets of the sagging corporation by its in-
creasingly numerous and restive creditors.  It fur-
ther appears that the defendant later sold these ma-
chines to his present employer for an undisclosed
amount.  It was also brought out that plaintiff had
performed moving jobs in the past for the Graf cor-
poration, but never for the defendant, and further
had always theretofore billed and been paid by the
corporation for his services.  The defendant also
offered proofs that the plaintiff had likewise billed
the corporation for his present services, for which
he was now being sued, which the plaintiff admitted
he may well have done.

The only witnesses who testified were the plaintiff
and defendant.  The defendant admitted that he
telephoned the plaintiff to come move the machines,
but asserted positively that the order was given on

behalf of the Graf corporation only and that he so carefully told the plaintiff. Corporate records were introduced tending to support his assertion. The plaintiff on cross-examination candidly admitted that he could not be positive whether the defendant said it was for the company or himself that he wanted the machines moved.

The trial judge found for the plaintiff. In announcing his decision he appeared to predicate liability upon a theory of agency, namely, the failure of the defendant adequately to disclose the principal to the contract, thus making both liable. The defendant moved for a new trial, urging among other reasons that the court's decision was contrary to the undisputed evidence and that it erred in its agency ruling. The court denied this motion, and in doing so observed in part as follows:

"The dispute is whether defendant disclosed to plaintiff that the work was requested by the company and not by Graf as an individual. Plaintiff testified he was called on the telephone by defendant and requested to do the job; he is not certain whether defendant informed him the work was for V. L. Graf Co. Defendant testified positively that he advised plaintiff the work was for the company, a position most beneficial to defendant, easily asserted and difficult to disprove the way the transaction was handled—nothing in writing.

"When it is considered that defendant's machinery was moved for his benefit and the reasonableness of the charge for the work is not disputed, the injustice of permitting defendant to escape payment of a just debt by means so susceptible of fabrication is so apparent, that it is the opinion of this court that the testimony of defendant may be disregarded. On this basis, the record supports the original finding of this court of undisclosed principal, and the authorities cited by plaintiff at trial and in his brief support the judgment."

It is the contention of the appellant Graf on this appeal that his agency for the corporation was adequately disclosed, not only during the noted telephone conversation, but also by the prior and subsequent course of action and dealings between the parties. He further contends that where the identity of the principal is thus disclosed, it is not incumbent upon the agent to furnish the opposite party anything more about the nature, character, composition and make-up of such principal, and that failure to do so cannot make him personally liable.

A leading case on this general subject is the venerable "logging camp" case of *Amans* v. *Campbell,* 70 Minn 493 (73 NW 506, 68 Am St Rep 547). Allowing for the difference in facts between that case and this, it has often been cited for the broad proposition that where the contracting agent himself bears a name the same or similar to that of his principal, the mere identification by the agent of the principal by the tradename may not be sufficient identification and disclosure of the principal to protect the agent from possible personal liability. The agent there was held liable. The second headnote to that case reads as follows:

"2. A person named O. H. Campbell, in making a contract in relation to a business of which he had the exclusive and entire management and control, used the name of 'Campbell & Co.,' but without indicating in any way that he did so as agent for another person or firm doing business by that name. It did not appear that there was any other person, or firm composed of other persons, generally known in the community as doing business under that name. *Held,* that the mere use of the name 'Campbell & Co.' did not amount to a disclosure of his agency for his wife, Delia Campbell, doing business under the name of 'Campbell & Co.' "

See, also, annotation in 150 ALR 1303 entitled "Use of tradename in connection with contract executed by agent as sufficient disclosure of agency or principal to protect agent against personal liability," which annotation cites and discusses *Amans, supra,* along with a number of other related cases from various jurisdictions.

While we do not wish to assert or be understood as holding that an agent may never be held liable in such circumstances except where there is a similarity in names, we do assert and hold that on the basis of the foregoing and the proofs the defendant Graf clearly may and should be held liable in this particular case.

In *Harmon* v. *Parker,* 193 Mich 542, 545, 546, this Court spoke on the general subject as follows (in turn quoting from 1 Mechem on Agency [2d ed.], § 1413):

" 'The duty rests upon the agent, if he would avoid personal liability, to disclose his agency, and not upon others to discover it. It is not, therefore, enough that the other party has the means of ascertaining the name of the principal; the agent must either bring to him actual knowledge, or, what is the same thing, that which to a reasonable man is equivalent to knowledge or the agent will be bound. There is no hardship to the agent in this rule, as he always has it in his power to relieve himself from personal liability by fully disclosing his principal and contracting only in the latter's name. If he does not do this, it may well be presumed that he intended to make himself personally responsible.' "

Related Michigan cases of interest are *Newberry* v. *Slafter,* 98 Mich 468; *Dodge* v. *Blood,* 299 Mich 364 (138 ALR 322) ; and *Storm* v. *Eldridge,* 336 Mich 424.

The mere fact that the plaintiff may also have billed the corporation is not in these circumstances

controlling, since under the foregoing doctrine, if liability exists at all, it is joint. Appellant's argument on this score, reduced to its essentials, is that when a creditor sends out a bill he must make a final election at his peril. Presumably if the plaintiff here had inadvertently billed a nonexistent V. L. Graf partnership, appellant would be urging here that neither he nor the corporation were liable. Under the circumstances of this case we find no merit in appellant's argument on this point.

No question of "piercing the corporate veil" is presented here, as appellant to the contrary seems to suggest in his present concern over preserving the traditional sanctity of the corporation as an insulator from personal or shareholder liability. If figurative labels must be pinned here, perhaps in the circumstances "hiding behind the corporate skirts" might be more appropriate to the occasion. In any event the learned judge below, for the reasons stated, saw fit to move Mr. Graf out from behind that protective obstruction into the harsh light of day. We approve his decision, and his reasons for reaching it, and on balance we cannot say that the evidence preponderated the other way.

Affirmed, with costs to appellee.

KELLY, SMITH, BLACK, EDWARDS, and KAVANAGH, JJ., concurred with VOELKER, J.

DETHMERS, C. J., and CARR, J., concurred in result.