Robert H. McNEILL, Appellant,

v.

Charles A. APPEL, Jr., Appellee.

No. 3366.

District of Columbia Court of Appeals.

Submitted Jan. 6, 1964.

Decided Feb. 5, 1964.

Robert H. McNeill, Washington, D. C., pro se.

Downey Rice, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge.

Appellee, a handwriting expert, brought suit against appellant, an attorney, for services performed in a probate proceeding. Appellant filed a third-party complaint against the administratrix of the estate and the trial court, sitting without a jury, entered judgment for appellee against appellant and for appellant against the third-party defendant. This appeal followed, appellant's principal contention being that the evidence was insufficient to support a finding against him. No appeal was taken by the third-party defendant.

In Monick v. Melnicoff, D.C.Mun.App., 144 A.2d 381 (1958), we had occasion to review the three situations in which an attorney may be personally liable for costs incurred on behalf of his client. In the first category we placed cases in which the attorney expressly either assumes or disclaims liability for the costs. We noted that such cases presented little difficulty. In the second category we placed cases in which there was a dispute as to whether the attorney undertook to be personally bound or merely acted as agent for his client, pledging his client's credit and not his own. We said that these cases presented questions of fact for determination by the trial court. In the third category we placed cases in which nothing was said by either the attorney or the third person supplying the services as to whom the latter should look for payment. We held that in these cases the rule in the District of Columbia was that the attorney would be personally liable in the absence of his express declaration to the contrary. See Judd & Detweiler v. Gittings, 43 App. D.C. 304 (1915).

Here there was a dispute as to whether appellant undertook to be personally liable in obtaining appellee's services or merely sought to pledge his client's credit. Competent evidence was introduced by both parties in favor of their respective positions. We feel this placed the controversy in the second category stated above. A careful review of the record discloses ample evidence to support the trial finding holding appellant personally liable. Moreover, to avoid liability an agent must disclose both his agency and the identity of his principal. Resnick v. Abner B. Cohen Advertising, Inc., D.C.Mun.App., 104 A.2d 254 (1954); Mayer v. Buchanan, D.C.Mun. App., 50 A.2d 595 (1946). Disclosure of the agency after execution of the contract will not relieve the agent of liability. 3 Am. Jur.2d Agency § 320. Here conflicting testimony was given as to whether the principal's identity was disclosed at the time the contract was made. Again, we think the evidence amply supports the trial finding.

Appellant has also contended, alternatively, that this case is governed by the statute of frauds provision requiring a memorandum or writing where a person is charged upon a special promise to answer for the debt of another, or that the trial court erred in not taking additional testimony. We find both contentions without merit.

Affirmed.