410 P.2d 491

MYERS–LEIBER SIGN CO., Inc., an Arizona corporation, Appellant,

v.

W. L. WEIRICH, dba Northern-Aire Lodge and Country Club, Appellee.

No. I CA–CIV 103.

Court of Appeals of Arizona.

Jan. 27, 1966.

Rehearing Denied Feb. 18, 1966.

Review Denied March 15, 1966.

Otto H. Linsenmeyer and Frank E. Dickey, Jr., Phoenix, for appellant.

Paul W. La Prade, Allen L. Feinstein, Phoenix, for appellee.

STEVENS, Chief Judge.

This action was brought against W. L. Weirich, dba Northern-Aire Lodge and Country Club, for an amount due on a contract for the lease and maintenance of painted outdoor advertising displays for Northern-Aire Lodge and Country Club. Weirich filed an answer in which he denied individual liability on the contract and alleged that he signed such as an officer of a corporation, Northern-Aire Development Company which was doing business as Northern-Aire Lodge and Country Club. The action was tried to the court and resulted in a judgment for the defendant. Evidence was presented by both the plaintiff and the defendant. At the close of plaintiff's case, the defendant moved for judgment which motion was denied. The evidence indicated that the advertising was to be displayed using the trade name. The advertising was solicited on behalf of the plaintiff by a salesman and the contract for the advertising was prepared by the plaintiff's credit manager. The evidence reflected the absence of the exchange of information which we would classify as credit information between the salesman and the credit manager.

We recognize that an agent who executes a contract under the trade or fictitious name of a corporation as distinguished from the true name of the corporate principal, has the burden of proof in establishing the true agency situation. The minute entries reflect that after the case had been under advisement, the ruling

of the court contains the following statement:

"The court finds that plaintiff has not sustained its burden to prove by a preponderance of the evidence that the defendant Weirich was individually liable for the obligation in question."

This finding is consistent with the foregoing principle in that the trial court found that the defendant had carried his burden of proof which the plaintiff had not successfully rebutted.

Plaintiff appealed contending Weirich signed the contract as agent for a fictitious or undisclosed corporate entity and was therefore individually liable on the contract. Weirich contends that Northern-Aire Lodge and Country Club was the trade or assumed named of Northern-Aire Development Company and that appellant knew this when it entered into the agreement.

 In order for an agent who negotiates a contract in behalf of his principal to avoid personal liability he must disclose not only his agency but also the identity of his principal. McNeill v. Appel, 197 A.2d 152 (D.C.Ct.App.1964); Alsco Iowa, Inc. v. Jackson, 254 Iowa 837, 118 N.W.2d 565 (1962). The fact that the agent in making the contract for his principal, instead of disclosing the identity of his principal, uses the tradename under which the principal transacts his business is not of itself a sufficient identification of the principal to protect the agent from personal liability. Alsco Iowa, Inc.; Saco Dairy Co. v. Norton, 140 Me. 204, 35 A.2d 857 (1944). See Ann.: 150 A.L.R. 1303. It is not the third persons duty to seek out the identity of the principal; rather, the duty to disclose the identity of the principal is on the agent. Stevens v. Graf, 358 Mich. 122, 99 N.W.2d 356 (1959). As stated in 3 Am.Jur.2d, Agency, § 317:

"There is no hardship in this rule of liability against agents who do not disclose their principals; they always have it in their power to relieve themselves from such liability, and when

they do not, it must be presumed that they intend to be liable."

Further, in order to protect the agent from personal liability, it is essential that the principal be disclosed to the third person at the time the transaction is being conducted. Potter v. Chaney, 290 S.W.2d 44 (Ky. 1956). The fact that the agent discloses the identity of his principal after the contract is executed will not relieve him from liability. McNeill.

 Whether or not the fact of the agency and the name of the principal were disclosed or known to the third-party so as to protect the agent from personal liability on the transaction is essentially a question of fact which depends upon the circumstances surrounding the particular transaction. Matsko v. Dally, 49 Wash.2d 370, 301 P.2d 1074 (1956). Here there was ample evidence from which the trial judge could find appellant was apprised of the fact of Weirich's agency and that he had not individually undertaken the contractual obligation. Appellant's salesman and credit manager both testified they knew Weirich was not the only person financially interested in Northern-Aire Lodge and Country Club.

 The question is whether there was a sufficient disclosure of the principal's identity at the time the contract was made. There was a conflict in the testimony as to whether appellant knew that Northern-Aire Lodge and Country Club was the tradename of Northern-Aire Development Company. While the testimony was conflicting there is evidence from which the trial court could reasonably find that appellant had knowledge of the existence of the corporation prior to and at the time the contract was executed and which evidence would support the findings of the trial court. It was the trial court's function to determine all disputes in the testimony. We will not interfere with such determination when there is any reasonable evidence to support the lower court's judgment. Ganz v. Virdee, 1 Ariz.App. 191, 400 P.2d 862 (1965); Mahurin v. Schmeck, 95 Ariz. 333,

390 P.2d 576 (1964); Kingsbery v. Kingsbery, 93 Ariz. 217, 379 P.2d 893 (1963).

Appellant contends the trial court committed reversible error when it failed to make findings of fact when it gave judgment for the defendant, citing Kazal v. Kazal, 98 Ariz. 173, 402 P.2d 1001 (1965).

Rule 52(a) of the Rules of Civil Procedure, 16 A.R.S. states in part:

"In all actions tried upon the facts without a jury or with an advisory jury, the court, *if requested before trial,* shall find the facts specially and state separately its conclusions of law thereon * * *." (Emphasis supplied.)

In the present case there was no request for findings of fact and conclusions of law. As stated by the Arizona Supreme Court in Lenslite Co. v. Zocher, 95 Ariz. 208, 388 P.2d 421 (1964):

"A trial judge is not required to find facts or state expressly his conclusions of law unless request is made therefor."

The Kazal case can be of no solace to the appellant. In that case defendants' motion for involuntary dismissal under Rule 41(b) of the Rules of Civil Procedure was granted after completion of plaintiff's evidence. Here the court took the matter under advisement at the close of all the evidence and later gave judgment to the defendant on the merits.

Judgment affirmed.

DONOFRIO, J., concurs.

CAMERON, Judge (dissenting).

I regret that I must dissent.

This is an action brought by the Myers-Leiber Sign Company against W. L. Weirich, dba Northern-Aire Lodge and Country Club upon a written contract. The contract is between Myers-Leiber, Inc., and Northern-Aire Lodge and Country Club, Flagstaff, Arizona. The contract was signed by Myers-Leiber by an authorized agent, and:

"Northern-Aire Lodge and Country Club, By /s/ W. L. Weirich ."

Northern-Aire Lodge and Country Club is a fictitious name, and there was testimony to the effect that it was a trade-name of Northern-Aire Development Company, a corporation. Defendant Weirich in his answer, as an affirmative defense, claimed that he signed the contract for and on behalf of Northern-Aire Development Company, a corporation of which he was an authorized agent.

The burden to prove, affirmatively, that the principal-agent relationship was fully and completely disclosed is upon the one asserting such defense. Barrett v. Rumeliote, 126 N.W.2d 322 (Iowa 1964).

The general rule is that unless otherwise agreed, a person purporting to make a contract with another for a partially disclosed principal, is a party to the contract, and the disclosure of an agency is not complete for the purposes of relieving the agent from liability unless the disclosure embraces the name of the principal. Norswing v. Lakeland Flying Service, 193 Or. 91, 237 P.2d 586 (1951).

I agree with the majority opinion that there was sufficient evidence from which the court below could well find that Myers-Leiber knew Weirich was an agent of a company, Northern-Aire Development Company. I do not, however, agree that this is sufficient to relieve the agent Weirich from the responsibility on the contract which he signed. The fact that Weirich was the agent for Northern-Aire Development Company could not prevent him from making a contract for his own interest with appellant, Myers-Leiber. It was not the duty of Myers-Leiber to determine in which capacity Weirich was signing this contract. The duty was upon Weirich to inform Myers-Leiber of Weirich's capacity, and if he wished to relieve himself of liability his duty was to notify Myers-Leiber of the name of the principal (in this case Northern-Aire Development Company).

I do not feel that it is asking too much of an agent who would avoid personal liability

**538**

on a written contract, to disclose the name of his principal by his principal's exact name upon the written contract. The reasons for this are to me quite clear. Only the agent really knows who he intends shall be liable for the performance of the contract. It could well be that the agent intends himself to assume personal liability either alone or jointly with his principal, or it may be that he intends that only his principal shall be liable for the performance of this written contract. If the latter be the case, there is a duty upon him at the time of the contract to clearly indicate to the other party just who shall be liable on the contract the parties are signing. Of course, the easiest way to do this is by placing the exact name of the principal upon the contract and to show clearly that he is signing in a representative capacity rather than an individual capacity. The fact that the other party prepared the contract with an incorrect name does not relieve the agent of the responsibility of correcting the name on the contract thereby informing the other party of the identity of the principal and the party or parties who will be liable for the performance of said contract. Having failed to do this in the instant case, I do not believe that Weirich can now complain when Myers-Leiber attempts to hold him liable for the performance of said contract.

> "Since an agent who contracts in his own name, although on behalf of the principal, who fails to use apt language to bind anyone other than himself, is personally liable on the contract thus made, it follows that an agent will be held personally liable on written contracts made by him for an undisclosed principal. In other words, if the agent contracts in his own name he cannot escape liability on the plea that he acted only as agent of another where he did not disclose the other's identity at the time. Moreover, in this connection, he may not introduce parol evidence to show, with a view to exonerating himself, that he disclosed his agency and

mentioned the name of his principal at the time the contract was executed." 3 Am.Jur.2d Agency, § 318, pp. 675, 676.

For the reasons above stated, I would reverse the decision of the lower court.