DETROIT PURE MILK COMPANY v PATTERSON

Docket No. 64289. Submitted March 9, 1984, at Grand Rapids.—
Decided November 5, 1984.

Plaintiff, Detroit Pure Milk Company, brought an action in the
Berrien Circuit Court against defendant, Joel Patterson, for
amounts due on open account for dairy products provided to
two stores, Village Variety and Village Variety Food Market.
Defendant first became a customer of plaintiff when he owned
as sole proprietor the Village Variety store. Subsequently,
defendant and a partner formed and became shareholders in a
corporation named V.V.F.M., Inc., which in December of 1977
purchased the Village Variety Food Market store. In January
of 1979 the Village Variety store was transferred to the corpo-
ration, and in June of that same year defendant and his wife
became the sole shareholders of V.V.F.M., Inc. Defendant testi-
fied that, when the Village Variety Food Market store opened,
he conveyed to plaintiff's salesmen that the store was owned by
a corporation and explained the need for separate accounts for
Village Variety Food Market and Village Variety, which was
still a sole proprietorship owned by defendant at that time.
Defendant testified that separate accounts were maintained
until the Village Variety store was transferred to the corpora-
tion. Defendant couldn't recall the name used on plaintiff's
invoices, stating that they could have been Village Variety or
Village Variety Food Market, or Village Variety #2. Defen-
dant admitted that he could not recall whether he ever told
plaintiff's salesmen of the name of the corporation. None of the
checks used to pay plaintiff were in the name of V.V.F.M., Inc.,
or otherwise indicated incorporation. While neither store had a·
sign indicating ownership by V.V.F.M., Inc., defendant testified
that the sales tax and liquor licenses displayed in the Village
Variety Food Market store were in the name of V.V.F.M., Inc.
Plaintiff's salesman stated that he had no recollection of defen-
dant's ever mentioning anything about a corporation. He fur-
ther testified that he never looked at the sales tax or liquor
licenses in the Village Variety Food Market store. The court,

REFERENCE FOR POINTS IN HEADNOTE
3 Am Jur 2d, Agency §§ 307, 312.

Chester J. Burns, J., granted judgment for defendant, holding that defendant did nothing to mislead plaintiff either directly or indirectly, and that it was plaintiff's duty as a seller extending credit to inquire into the business structure of its customers. Plaintiff appealed. *Held:*

1. Defendant, in buying milk in behalf of the corporation, was acting as an agent for the corporation. Where, as here, the party transacting with an agent has notice that the agent is or may be acting for a principal, but has no notice of the principal's identity, the principal is partially disclosed. Unless otherwise agreed, an agent contracting with another for a partially disclosed principal is a party to and personally liable on the contract.

2. Even viewing the evidence in a light most favorable to defendant, no rational trier of fact could find that plaintiff had knowledge of the corporate principal's identity. Although defendant testified that he informed plaintiff's salesmen of the corporation, there was no testimony by defendant to the effect that he informed plaintiff's salesmen of the corporation's name. Nor was there any evidence showing that defendant contracted only in the corporation's name; notably the invoices sent by plaintiff were not made out to V.V.F.M., Inc. Also, there was no evidence that defendant conveyed to plaintiff's salesmen that the contractual obligation to pay for the dairy products supplied be that of the corporation only, and plaintiff's salesmen may well have believed that, notwithstanding corporate ownership of the stores, defendant intended that his own credit, as well as that of the corporation, be relied on by plaintiff. It cannot reasonably be concluded that the licenses in the Village Variety Food Market store were alone sufficient to give plaintiff notice of the corporate principal's identity and relieve defendant of personal liability. The trial court should have granted judgment for plaintiff.

Reversed and remanded for entry of judgment for plaintiff.

AGENCY — PARTIALLY DISCLOSED PRINCIPALS — CONTRACTS.

An agent contracting with another in behalf of a partially disclosed principal is a party to and reasonably liable on the contract unless otherwise agreed; it is the agent's duty to disclose the principal's identity in order to avoid personal liability and it is not enough that the other party had the means to discover the principal's identity.

*Law Offices of Lawrence J. Stockler, P.C.* (by *Lawrence J. Stockler* and *Luke J. Roy*), for plaintiff.

*Philip A. Brown,* for defendant.

Before: MacKENZIE, P.J., and J. H. GILLIS and J. E. FITZGERALD,* JJ.

MacKENZIE, P.J. Plaintiff appeals as of right from a judgment of no cause of action entered in defendant's favor by the circuit court after a bench trial. Defendant stipulated that $13,316.29 was owed to plaintiff for dairy products sold on open account to two stores, Village Variety and Village Variety Food Market. However, defendant argued that he was not personally liable: rather, the corporation which owned the two stores was liable, and the circuit court agreed.

The background facts are as follows. Defendant first became a customer of plaintiff when he owned as sole proprietor the Village Variety store. Subsequently, defendant and a partner formed and became shareholders in a corporation named V.V.F.M., Inc., which in December of 1977 purchased the Village Variety Food Market store. In January of 1979 the Village Variety store was transferred to the corporation, and in June of that same year defendant and his wife became the sole shareholders of V.V.F.M., Inc.

Defendant testified that, when the Village Variety Food Market store opened, he conveyed to plaintiff's salesmen that the store was owned by a corporation and explained the need for separate accounts for Village Variety Food Market and Village Variety, which was still a sole proprietorship owned by defendant at that time. Defendant testified that separate accounts were maintained until the Village Variety store was transferred to the corporation. Defendant couldn't recall the names used on plaintiff's invoices, stating that

---

* Circuit judge, sitting on the Court of Appeals by assignment.

they could have been Village Variety or Village Variety Food Market, or Village Variety #2. Defendant admitted that he could not recall whether he ever told plaintiff's salesmen of the name of the corporation. None of the checks used to pay plaintiff were in the name of V.V.F.M., Inc., or otherwise indicated incorporation. While neither store had a sign indicating ownership by V.V.F.M., Inc., defendant testified that the sales tax and liquor licenses displayed in the Village Variety Food Market store were in the name of V.V.F.M., Inc.

Plaintiff's testifying salesman stated that he had no recollection of defendant's ever mentioning anything about a corporation. He further testified that he never looked at the sales tax or liquor licenses in the Village Variety Food Market store.

The circuit court found for defendant on the basis that defendant did nothing to mislead plaintiff either directly or indirectly, and that it was plaintiff's duty as a seller extending credit to inquire into the business structure of its customers. We agree with plaintiff that the court incorrectly stated and applied the controlling law, and erred in finding for defendant.

In contracting with plaintiff for dairy products, defendant was acting as an agent for the corporation. Where the party transacting with an agent has notice that the agent is or may be acting for a principal, but has no notice of the principal's identity, the principal is partially disclosed. *Dodge v Blood,* 299 Mich 364, 370; 300 NW 121 (1941). Unless otherwise agreed, an agent contracting with another for a partially disclosed principal is a party to and personally liable on the contract. *Dodge, supra,* p 377; 2 Restatement Agency, 2d, § 321, p 70.

In *Harmon v Parker,* 193 Mich 542, 545-546; 160 NW 380 (1916), and *Stevens v Graf,* 358 Mich 122,

126; 99 NW2d 356 (1959), the Court quoted with approval the following from 1 Mechem on Agency (2d ed), § 1413:

"The duty rests upon the agent, if he would avoid personal liability, to disclose his agency, and not upon others to discover it. It is not, therefore, enough that the other party has the means of ascertaining the name of the principal: the agent must either bring to him actual knowledge, or, what is the same thing, that which to a reasonable man is equivalent to knowledge or the agent will be bound. There is no hardship to the agent in this rule, as he always has it in his power to relieve himself from personal liability by fully disclosing his principal and contracting only in the latter's name. If he does not do this, it may well be presumed that he intended to make himself personally responsible."

In *Dodge, supra,* p 377, the Court quoted the following:

" 'The inference of an understanding that the agent is a party to the contract exists unless the agent gives such complete information concerning his principal's identity that he can be readily distinguished. If the other party has no reasonable means of ascertaining the principal, the inference is almost irresistible and prevails in the absence of an express agreement to the contrary.' 2 Restatement, Agency, § 321, Comment."

Defendant relies on the language quoted in *Dodge, supra,* as support for the proposition that the rule making the agent liable where the principal is partially disclosed applies only where the other party has no reasonable means of ascertaining the principal's identity. However, we read that language in *Dodge* as merely meaning that the inference that the agent is a party to the contract is especially justified where the other party has no

means of ascertaining the principal's identity. As the quoted passage in *Harmon, supra,* and *Stevens, supra,* makes clear, the other party has no duty to discover the principal's identity; rather, it is the agent's duty to disclose the principal's identity in order to avoid personal liability, and it is not enough that the other party had the means of ascertaining the principal's identity.

We find it unnecessary to remand to the trial court for reconsideration under the applicable law as set forth above. Even viewing the evidence in a light most favorable to defendant, no rational trier of fact could find that plaintiff had knowledge of the corporate principal's identity. Although defendant testified that he informed plaintiff's salesmen of the corporation, there was no testimony by defendant to the effect that he informed plaintiff's salesmen of the corporation's name. Nor was there any evidence showing that defendant contracted only in the corporation's name; notably the invoices sent by plaintiff were not made out to V.V.F.M., Inc. Also, there was no evidence that defendant conveyed to plaintiff's salesmen that the contractual obligation to pay for the dairy products supplied be that of the corporation only, and plaintiff's salesmen may well have believed that, notwithstanding corporate ownership of the stores, defendant intended that his own credit, as well as that of the corporation, be relied on by plaintiff. It cannot reasonably be concluded that the licenses in the Village Variety Food Market store were alone sufficient to give plaintiff notice of the corporate principal's identity and relieve defendant of personal liability.

The trial court erred in granting a judgment for defendant, and should have granted judgment for plaintiff. We need not address the other issues raised by plaintiff on appeal.

Reversed and remanded for entry of judgment for plaintiff. Costs to plaintiff-appellant.