BENJAMIN PLUMBING, INC., Plaintiff-Appellant,

v.

Bette BARNES, William K. Whitcomb, Harry Ludwig, and Response to Hunger, an unincorporated association, Defendants-Respondents.†

Court of Appeals

*No. 89-1334-FT. Submitted on briefs October 5, 1989.—Decided April 5, 1990.*

(Also reported in 456 N.W.2d 628.)

†Petition to review granted.

For the plaintiff-appellant the cause was submitted on the briefs of *Robert W. Aagaard* of Madison.

For the defendants-respondents the cause was submitted on the briefs of *Diane M. Nicks* of Madison.

Before Eich, C.J., Gartzke, P.J., and Sundby, J.

EICH, C.J. Benjamin Plumbing, Inc., appeals from an order dismissing its action against William Whitcomb and other officers and directors of the "Response to Hunger Network," a nonprofit corporation, to recover for plumbing services rendered to the corporation. There are two issues: (1) whether an officer or director, acting on behalf of a corporation, must reveal the corporation's existence and corporate identity in order to be protected from personal liability for claims made against the corporation; and (2) whether Whitcomb is immune from liability under sec. 181.287(1), Stats., which shields officers of nonprofit corporations from personal liability for "breach of, or failure to perform, any duty resulting solely from [their] status as . . . director[s] or officer[s] . . .."

We conclude that where a corporate officer contracts with another without disclosing or in any manner indicating that he or she is acting on behalf of a corporation, and where the other person is otherwise unaware of the corporate agency, the officer cannot avoid personal liability in the transaction. We also conclude that sec. 181.287(1), Stats., grants immunity only where liability is predicated on the defendant's status as a corporate officer or director as opposed to his or her dealings with third parties on behalf of the corporation, as is the situation here. We therefore reverse the order insofar as it

278

dismissed the action against Whitcomb and affirm it as to the other defendants.[1]

Whitcomb entered into a contract with Benjamin to provide approximately $10,600 in plumbing services to the Network. The Network was and is a nonprofit corporation organized pursuant to ch. 181, Stats., and Whitcomb was one of its directors at the time of his dealings with Benjamin. At no time during the discussions, correspondence and negotiations leading up to the plumbing contract, however, did Whitcomb indicate to Benjamin that the Network was a corporation and that he was one of its directors. The contracted-for work was completed, and the Network paid Benjamin only $5,000, leaving a balance due and owing of approximately $5,600.

Benjamin sued the Network, Whitcomb, and two other Network officers to collect the balance of the account. The sole issue before the trial court was whether Whitcomb and the others were personally liable for the debt. The trial court concluded that they were not and granted their motion for summary judgment dismissing the action. In so ruling, the court held that Whitcomb's failure to reveal the Network's corporate status did not subject him to personal liability.

Summary judgment methodology is well known and often applied by the courts and we need not detail it here. *See Grams v. Boss,* 97 Wis. 2d 332, 338–39, 294 N.W.2d 473, 476–77 (1980). In brief, the procedure allows the parties to avoid a trial where no material facts are in dispute and only a question of law is at issue. *Riley v. Town of Hamilton,* 153 Wis. 2d 582, 451 N.W.2d 454 (Ct. App. 1989). That is the case here; there is no dispute

---

[1]Because the other defendants, Barnes and Ludwig, never had any dealings with Benjamin, they remain shielded from personal liability by reason of their status as corporate officers.

of material fact and the briefs raise only legal issues which we decide independently without deference to the trial court's decision.

Benjamin argues that Whitcomb cannot avoid personal liability when, in all his dealings with Benjamin, he failed to disclose or indicate in any way that the Network was a corporation and that he was one of its officers. The issue is a novel one and does not appear to have been directly addressed by either the supreme court or this court in the past. There is, however, authority in the form of text references and cases from other states which we believe state the appropriate rule.

We begin with the Restatement (Second) of Agency sec. 321 (1958), which states that "[u]nless otherwise agreed, a person purporting to make a contract with another for a partially disclosed principal is a party to the contract" and thus liable for its breach. The principal is "partially disclosed" if the other party has notice that the agent is or may be acting for a principal "but has no notice of the principal's identity." Restatement (Second) of Agency sec. 4(2) (1958). The rule's application to corporations and corporate officers is explained in the *Cyclopedia of Law of Private Corporations:*

> The rule that where an agent enters into a contract in his [or her] own name for an undisclosed [or partially disclosed] principal, the other party to the contract may hold the agent personally liable, applies equally well to corporate officers or agents. In other words, the rule is that one who claims he [or she] is acting in a corporate capacity has the duty to disclose that he [or she] is contracting as an agent of the corporation and not as an individual. In such cases, the burden of proof of showing disclosure is placed on one claiming the agent relationship. . . . [W]here the principal is only partially disclosed, that is, the exis-

tence of an agency is known but the identity of the principal is not, then both the agent and principal are liable . . ..

3A W. Fletcher, *Cyclopedia of the Law of Private Corporations* sec. 1120 at 237–38 (rev. ed. 1986) (footnotes omitted). We agree with these principles and adopt them.[2]

The parties' pre-contract negotiations were summarized in two letters Whitcomb wrote to Benjamin. The first, in which Whitcomb requested an estimate for the proposed work, was written on a letterhead entitled:

[2]In so holding, we join several other courts that have concluded that corporate agents who do not reveal the existence and identity of their principal corporation are subject to personal liability for claims made against the corporation. *See Jensen v. Alaska Valuation Service, Inc.,* 688 P.2d 161, 162–63 (Alaska 1984); *G.W. Andersen Const. Co. v. Mars Sales,* 210 Cal. Rptr. 409, 412 (Cal. Ct. App. 1985); *Van D. Costas, Inc. v. Rosenberg,* 432 So. 2d 656, 658–59 (Fla. Dist. Ct. App. 1983); *Detroit Pure Milk Co. v. Patterson,* 360 N.W.2d 221, 222–23 (Mich. Ct. App. 1984); *Haas v. Harris,* 347 N.W.2d 838, 840 (Minn. Ct. App. 1984); *David v. Shippy,* 684 S.W.2d 586, 587–88 (Mo. Ct. App. 1985); *Como v. Rhines,* 645 P.2d 948, 952–53 (Mont. 1982); *A to Z Rental Center v. Burris,* 714 S.W.2d 433, 435 (Tex. Ct. App. 1986).

"National Council of the Churches of Christ in the United States of America

Church World Service

Wisconsin/N. Illinois Office

William K. Whitcomb, Regional Director"

The letter was signed: "William K. Whitcomb, For Response to Hunger Network."

The second letter accepted Benjamin's estimate for the work and was written on a letterhead stating simply: "Response to Hunger Network," with a typed-in post-office-box address. It was signed: "William K. Whitcomb, Canning Committee–RHN."

■

Neither letter indicated in any way that "Response to Hunger Network," on whose behalf Whitcomb was acting, was a corporation, and there is no evidence that he otherwise disclosed to Benjamin that he was contracting as a corporate officer or director and thus could not be held personally liable for the debt. As a result, he has forfeited any right he otherwise might have had as a corporate officer to avoid personal liability in the transaction.

Whitcomb disagrees, arguing that Benjamin is asking the court to "pierce the corporate veil" and impose personal liability on corporate officers without any showing of wrongdoing on their part or any injury resulting from their failure to disclose.

■

In support of the argument, Whitcomb directs us to *Fairbanks v. Chambers*, 665 S.W.2d 33, 36 (Mo. Ct. App. 1984), where the Missouri court held that "[t]he mere failure to inform the public of a corporate existence has

never been held . . . to justify piercing the corporate veil." However, as the court itself recognized, "piercing the corporate veil" is something entirely different from the undisclosed (or partially-disclosed) principal rule. *Id.* at 38. The latter "is a rule of law and applies regardless of the defendants' intent to engage in wrongful conduct." *Id.* at 39. The crux of the rule is simply the failure to disclose, no more. The rule permitting piercing of the corporate veil, on the other hand, is grounded in equity and, as such, reaches wrongful actions for which no adequate remedy at law exists. *Id. See also Cyclopedia of the Law of Private Corporations, supra,* at 239 ("The undisclosed principal theory is a rule of law and applies regardless of a defendant's intent to engage in wrongful conduct."). Thus, it was not necessary for Benjamin to show wrongful conduct on the part of Whitcomb or the Network in order for personal liability to attach.

Whitcomb next argues that he is shielded from liability under sec. 181.287, Stats., which provides, among other things, that "a director or officer [of a nonprofit corporation] is not liable to the corporation . . . or [its] creditors . . . for damages . . . arising from a breach of, or failure to perform, any duty *resulting solely from his or her status as a director or officer*" (emphasis added).

■ Judicial interpretation of statutes is governed by familiar rules. The aim is to ascertain the intent of the legislature; and in determining that intent, our "first resort must be to the language of the statute itself." *Marshall-Wis. v. Juneau Square,* 139 Wis. 2d 112, 133, 406 N.W.2d 764, 772 (1987). This is so because "the primary source of statutory construction is the language of the statute itself." *State v. McKenzie,* 139 Wis. 2d 171, 176, 407 N.W.2d 274, 276 (Ct. App. 1987).

■Our reading of the statute satisfies us that when the legislature provided corporate officers with immunity for failure to perform any duty resulting "*solely* from [their] *status as . . . director[s] or officer[s],*" it was granting immunity for their failure to perform duties owed to the corporation itself and its shareholders, not for their dealings with third parties on behalf of the corporation. And the fact that the statute extends the immunity to proceedings brought by creditors and third parties does not alter the fact that, regardless of who brings it, the action or claim must be based on the defendant's *status* as a corporate officer. To read the statute as a "general rule of non-liability," as Whitcomb suggests, would be to render the phrase "status as a director or officer" a nullity.[3] It follows that sec. 181.287, Stats., is inapplicable here because there is no allegation that the actions for which Whitcomb is sought to be held liable relate solely

---

[3]Our interpretation of sec. 181.287, Stats., is supported by the legislative history of the statute. It was created by a bill which, among other things, granted immunity in certain circumstances to officers and directors of both for-profit corporations under ch. 180, Stats., and nonprofit corporations under ch. 181. The Legislative Reference Bureau's analysis of the bill, Engrossed 1987 Assembly Bill 301 (1987–88 Legislature), stated:

> Under the bill, directors of [for-profit] corporations . . . are granted immunity . . . from personal liability *to the corporation [and] its shareholders* . . . for breach of or failure to perform any duty resulting solely from his or her status as a director.
> With respect to [nonprofit] corporations . . . *the above-described personal liability immunity* also applies to officers of the corporation and the immunity is expanded to also include proceedings brought by creditors and 3rd parties. [Emphasis added.]

to his status as an officer or director of the Response to Hunger Network.

*By the Court.*—Order reversed.