### PENTON PUBLISHING, INC v MARKEY

Docket No. 171059. Submitted May 9, 1995, at Grand Rapids. Decided August 15, 1995, at 9:05 A.M. Leave to appeal sought.

Penton Publishing, Inc., brought an action in the Kent Circuit Court against Robert A. Markey, seeking payment for sales made by it to Markey & Associates. The plaintiff claimed that it had been unaware that Markey & Associates was an assumed name of Markey & Associates, Inc., and that because it had no notice of the corporate relationship, the defendant was personally liable for the payment of the outstanding debt when the corporation could not pay the amount owed. The defendant argued that in the absence of a claim that he had misled the plaintiff concerning the nature of Markey & Associates, the assumed-name certificate filed by the corporation pursuant to MCL 450.1217; MSA 21.200(217) acted as notice to everyone dealing with Markey & Associates that they were dealing with Markey & Associates, Inc. The court, Robert A. Benson, J., granted summary disposition for the plaintiff and denied summary disposition for the defendant. The defendant appealed.

The Court of Appeals *held:*

The filing by a corporation of an assumed-name certificate pursuant to MCL 450.1217; MSA 21.200(217) places the public on notice that dealings in the assumed name are dealings with the corporation. Accordingly, an agent of the corporation is relieved of all personal liability in dealings undertaken in the assumed name, because, under such circumstances, the identity of the true principal is constructively known.

Reversed and remanded.

*Muller, Muller, Richmond, Harms, Myers & Sgroi* (by *William R. Farran*), for the plaintiff.

*Warner, Norcross & Judd* (by *Devin S. Schindler* and *Dale B. Black*), for the defendant.

Before: SAAD, P.J., and BANDSTRA and M. G. HARRISON,* JJ.

PER CURIAM. This is a collection case. Plaintiff sued Robert A. Markey personally for payments owed to it for sales made to Markey & Associates. Defendant responded that he was not personally liable to plaintiff, because plaintiff's sales actually had been to Markey & Associates, Inc., a Michigan corporation doing business as Markey & Associates. That corporation had ceased operations and had established a trust fund for the benefit of its creditors, including plaintiff. After both parties moved for summary disposition, the trial court granted summary disposition for plaintiff. We reverse.

Plaintiff argues that its understanding was that Markey & Associates was the name under which Robert A. Markey did business and that nothing in the business relationship had put it on notice that a corporation was involved. Plaintiff further argues that it had no duty to discover that the assumed name belonged to a corporation and not to defendant Robert A. Markey. Instead, plaintiff argues that Robert A. Markey, acting as an agent, was required to disclose the existence and identity of his principal, Markey & Associates, Inc., in order to avoid personal liability.

Defendant argues that any duty to disclose the existence of the corporation was satisfied because the corporation had filed an assumed-name certificate pursuant to MCL 450.1217; MSA 21.200(217), which provides in relevant part:

(1) A domestic or foreign corporation may transact its business under any assumed name or names other than its corporate name . . . by filing

* Circuit judge, sitting on the Court of Appeals by assignment.

a certificate stating the true name of the corporation and the assumed name under which the business is to be transacted.

Under the general agency precedents that plaintiff relies upon, a principal is considered undisclosed unless a party transacting with the principal's agent has notice that the agent is acting for the principal and notice of the principal's identity. *Dodge v Blood,* 299 Mich 364, 370; 300 NW 121 (1941). An agent contracting for an undisclosed principal is personally liable for contractual obligations. *Detroit Pure Milk Co v Patterson,* 138 Mich App 475, 478; 360 NW2d 221 (1984). However, none of the Michigan precedents plaintiff relies upon involved a corporation that properly had filed an assumed-named certificate as authorized by the statute. See *Stevens v Graf,* 358 Mich 122; 99 NW2d 356 (1959); *Detroit Pure Milk Co v Farnsworth,* 114 Mich App 447; 319 NW2d 557 (1981); *Baranowski v Strating,* 72 Mich App 548; 250 NW2d 744 (1976). On the other hand, defendant did not cite, and we are unaware of, any Michigan precedents holding that an assumed-name filing provides protection to the agent of an otherwise undisclosed principal.

Some guidance is found in *Bankers Trust Co v Bradfield,* 324 Mich 116, 123; 36 NW2d 870 (1949), where the Supreme Court considered an assumed-name statute other than that at issue here and found its purpose to be "to inform the public . . . and thereby . . . prevent imposition and fraud." Accord *Maurer v Greening Nursery Co,* 199 Mich 522, 524; 165 NW 861 (1917). Courts from other jurisdictions have found that assumed-named statutes serve a similar public notice function. *Portland Savings & Loan Ass'n v Bernstein,* 716 SW2d 532, 537-538 (Tex App, 1985); *Reed v Pelley,* 112

Misc 2d 382; 447 NYS2d 98 (1982); *Sheraton Corp of America v Kingsford Packing Co, Inc,* 162 Ind App 470, 480; 319 NE2d 852 (1974); *Berg Metals Corp v Wilson,* 170 Cal App 2d 559; 339 P2d 869 (1959); *Ulick v Vibration Specialty Co,* 348 Pa 241; 35 A2d 332 (1944).

Consistent with these precedents, we hold that the purpose of MCL 450.1217; MSA 21.200(217) is to place the public on notice regarding corporations that are doing business under an assumed name. A corporation that has complied with this statute has notified the public constructively regarding its assumed name. Accordingly, parties contracting with agents of the corporation operating under the assumed name cannot claim that they were without notice regarding the existence or identity of the corporation. In terms of agency law, a corporate principal fulfills any disclosure obligations that might exist by complying with the statute. The corporation thus provides protection to its agents from personal liability.[1]

The trial court improperly granted summary disposition to plaintiff. Summary disposition should have been granted to defendant.

We reverse and remand for entry of judgment for defendant. We do not retain jurisdiction.

---

[1] A contrary result would fly in the face of the language of the statute. A corporation that files a certificate "may transact its business under any assumed name," presumably without taking further steps to secure the protections from personal liability surrounding corporations under Michigan law. MCL 450.1217(1); MSA 21.200(217)(1).