Bentley Kassal, J.
The facts in this nonjury case are not in controversy. The sole legal issue is essentially simple:
Can a party dealing with an individual apparently representing a business operating under a trade name assume that it is not dealing with a corporation? Or does a trade name so alert a contracting party that it has the burden of determining whether it is actually doing business with a corporation?
Plaintiff elósed its retail store in 1970 and about one year later, Judith Garden Wyker, plaintiff’s president, having noticed the opening of a similar store called “ The Gazebo ”, telephoned it to sell the balance of its inventory. As a result, on May 3,1971, Mrs. Wyker met with the defendant at plaintiff’s warehouse where an oral deal was made to sell all the merchandise for $3,000 and with “ a few months to pay for it.”
No payments were made and plaintiff sent two letters on October 21 and 28, 1971 to “ The Gazebo ” seeking payment. On November 4, 1971, defendant wrote plaintiff, using stationery with the name “ Gazebo,” which was simply signed “ Virginia L. Mapel,” with no other designation. The letter recited bad business conditions and contained references to “us” and “we” and ended with “we will start regular payments as soon as possible and pay in full as soon as we possibly can. I feel a personal responsibility for this account.”
Finally, on April 18, 1972, plaintiff received a $150 check drawn on “ The Gazebo ” account and signed by the defendant without any other legend, abbreviation, corporate title or agency indicated on the check.
It is undisputed that “ The Gazebo ” is a trade name always used by the Mapel-Klemuk Corporation to operate this business —the lease, business and tax records and the bank records all bear this corporate name. The only public evidence at the store that it is owned by a corporation is a small sign 3% by 7% inches in the form of a sales tax authorization certificate which is required to be displayed. It is in the name of “ The Gazebo/Mapel-Klemuk Corporation.” (Significantly, the personal dealings between the parties took place only at plaintiff’s warehouse.)
Under these circumstances, I am deciding that plaintiff is entitled to recover the balance due from the defendant as the agent of an undisclosed principal. The fact that the agent did not intend to bind herself cannot insulate her from liability unless there was an actual disclosure of the agency and the name of the principal. This burden is upon the party seeking *812 to escape personal liability. It is not a tenable defense to urge that the other party had the means to discover this.
This is not an unreasonable burden to thrust upon the agent since he has the power to relieve himself from liability if, before the contract is entered into, he gives full disclosure of his agency and the principal’s identity and contracts on that basis. (1 Mechem, Agency [2d ed., 1914], § 1413,- Restatement 2d, Agency, § 322 [1957].)
This leads to the critical issue as to whether the use of the trade name “ The Gazebo ” so alerted the other party that the failure to investigate further was at plaintiff’s peril.
It is interesting to note that there are relatively few decisions on this question. While most other jurisdictions, when faced with the issue have been in substantial accord that the use of a trade name is not a sufficient disclosure of the identity of the principal and the fact of agency (see, Ann. 150 A. L. R. 1303 [1944] ) there is an apparent split within the State.
In Cobb v. Knapp (71 N. Y. 348 [1877]) an agent, in purchasing wheat for his principal stated that the purchase was for the “ Blissville Distillery ” and was to be delivered there. In holding that such a statement was not a sufficient disclosure of the principal, the court stated (p. 352): “ The distillery named was not a corporation, and its name, therefore, conveyed no idea of its owners. It is not sufficient that the seller may have the means of ascertaining the name of the principal * * * He must have actual knowledge.”
However, in Rabinowitz v. Zell (191 N. Y. S. 720 [App. Term, 1st Dept., 1922]) it was held that a party who accepted an offer in the name of “ The Eastern Leather Specialty Co.” followed by his own signature was not liable for the goods sold, although the plaintiff did not actually know whom it was dealing with under the trade name.
The rationale of the decision in the Cobb case (supra) appeals to this court as the better approach and also is the one generally accepted. (See Ann. 150 A. L. R. 1303.)
As to the degree of disclosure provided by use of a trade name, it should be noted that the Business Corporation Law (§ 301) requires a corporation to be clearly identifiable by the use of specific words or abbreviations and the principal purpose of this provision is to protect parties dealing with such corporations from being deceived as to their character and status. (1912 Opns. Atty. Gen. 9.)
This is not to say that the use of a trade name, together with other evidence of the party’s conduct of business, under some circumstances, might not provide a sufficient disclosure of agency. *813 However, under the facts in this case, such a conclusion would not be warranted.
Finally, defendant’s contention that she acted as an agent for a disclosed principal is an affirmative defense (CPLR 3018, subd. [b]) and this places the burden upon her to establish she so acted in making the contract sued upon. (Liberty Lbr. Co. v. Pye, 44 Misc 2d 950 [Nassau County Dist. Ct., 1965].) The defendant failed to meet this burden and, thus, the plaintiff is entitled to judgment.
There is no showing that a sales tax (which was claimed) is applicable to this transaction, involving the sale of inventory by one retailer to another. Accordingly, no allowance will be made for same and judgment may be entered for $2,850, with interest from September, 1971 together with costs and disbursements. This is without prejudice to an action to recover such sales tax if it be established that there is liability therefor.