432 So.2d 656 (1983)
VAN D. COSTAS, INC., d/b/a Custom Pools & Spas, Appellant,
v.
Jeff ROSENBERG, Gilbert Rosenberg and Peter L. Zahradka d/b/a Zahradka Nursery, Appellees.
No. 82-2310.
District Court of Appeal of Florida, Second District.
June 1, 1983.
*657 Robert C. Widman of Nelson, Hesse, Cyril, Smith, Widman & Herb, Sarasota, for appellant.
Fred Pflaum and Stanley Hendricks of Dent, Pflunger, Rosin, Haben & Hendricks, Sarasota, for appellees Jeff and Gilbert Rosenberg.
GRIMES, Judge.
This is an appeal from a final judgment denying appellant's claims for mechanic's lien foreclosure and breach of contract.
Gilbert Rosenberg owned a parcel of real property on Siesta Key upon which the Magic Moment Restaurant was located. Seascape Restaurants, Inc., operated the restaurant and paid a monthly rental to Rosenberg for use of the property. Gilbert Rosenberg, his son Jeff Rosenberg, and Chris Moore each owned one third of Seascape. Jeff was president of Seascape and Moore was vice president, and the two of them operated the restaurant. Gilbert was not an officer of the corporation and was not actively involved in the management of the restaurant.
In November of 1980, appellant's president, Van D. Costas, met with Gilbert and Jeff to discuss the creation of a "magical entrance" for the restaurant. The following month, appellant entered into a contract to remodel the entrance. Jeff Rosenberg signed the contract on a line under which appeared "Jeff Rosenberg, The Magic Moment." After the work commenced, the parties became involved in a dispute over performance and payment, and appellant filed a claim of lien on the real estate. Appellant thereafter sued Gilbert to foreclose the lien and in a second count of the complaint sued Jeff Rosenberg for breach of contract. Jeff counterclaimed for damages for faulty performance and other relief. Following a trial, the court entered a final judgment against the appellant which stated in pertinent part:
On the evidence presented the Court finds no evidence that the lease agreement required the improvements done. There is also no evidence of either agency or fraud. Therefore the lien is invalid *658 and unenforceable against the owner-lessor's interest in the land and improvements. On the claim against Jeff Rosenberg, individually, the contract was addressed to "The Magic Moment Restaurant". It was drawn on plaintiff's stationery and referred to "Subject: Design and Creation of Mystical Entrance to `The Magic Moment Restaurant'". Under the prepared signature line for defendant's signature was typed "Jeff Rosenberg, The Magic Moment". Jeff Rosenberg signed his name on the line provided. Obviously he signed for "The Magic Moment", and there is no dispute that the plaintiff knew he was contracting with "The Magic Moment Restaurant". Plaintiff did testify that he thought the Rosenbergs owned the restaurant. However, there is also no dispute that the business was owned by Seascape Restaurants, Inc. who were doing business under the trade name of "The Magic Moment Restaurant". Under all these circumstances, there is no individual responsibility and the proper party to this suit, as to both claims and counterclaims, is Seascape Restaurants, Inc.
The record clearly supports the court's finding that the lien was invalid. When the contract was signed, appellant knew that Gilbert owned the property upon which the restaurant was located. There was no evidence that Jeff acted for his father in signing the contract. Appellant did not prove the existence of a lease provision requiring Seascape to make improvements which could have the effect of subjecting Gilbert's property to a lien. Edward L. Nezelek, Inc. v. Food Fair Properties Agency, Inc., 309 So.2d 219 (Fla. 3d DCA 1975). While Gilbert participated in the preliminary meeting between the parties and occasionally visited the restaurant during construction, he did nothing to hold himself out as assuming responsibility to pay for the work. A lessor does not subject his property to a mechanic's lien for work done by a contractor for the lessee merely because he knows the work is taking place and fails to take action to stop it. Tom Joyce Realty Co. v. Popkin, 111 So.2d 707 (Fla. 3d DCA 1959).
Appellant bases its claim against Jeff upon the contention that he signed the contract as agent for an undisclosed principal. It is well settled that where one enters into a contract as agent for an undisclosed principal, he may be held individually liable on the contract. Collins v. Aetna Insurance Co., 103 Fla. 848, 138 So. 369 (1931); Hohauser v. Schor, 101 So.2d 169 (Fla. 3d DCA 1958). The extent to which an agent must make disclosure of his principal in order to avoid personal liability is explained in 3 Am.Jur.2d Agency § 320 (1962):
In order for an agent to avoid personal liability on a contract negotiated in his principal's behalf, he must disclose not only that he is an agent but also the identity of his principal, regardless of whether the third person might have known that the agent was acting in a representative capacity. It is not the third person's duty to seek out the identity of the principal; rather, the duty to disclose the identity of the principal is on the agent. The disclosure of an agency is not complete for the purpose of relieving the agent from personal liability unless it embraces the name of the principal; without that, the party dealing with the agent may understand that he intended to pledge his personal liability and responsibility in support of the contract and for its performance. Furthermore, the use of a tradename is not necessarily a sufficient disclosure of the identity of the principal and the fact of agency so as to protect the agent against personal liability.
Section 321 of the Restatement (Second) of the Law of Agency (1957) discusses the liability of the agent under circumstances in which it appears that he is acting for someone else but the identity of his principal is unknown to the other party.
§ 321. Principal Partially Disclosed
Unless otherwise agreed, a person purporting to make a contract with another for a partially disclosed principal is a party to the contract.

*659 Comment:
a. A principal is a partially disclosed principal when, at the time of making the contract in question, the other party thereto has notice that the agent is acting for a principal but has no notice of the principal's identity. See § 4. The fact that, to the knowledge of the agent, the other party does not know the identity of the principal is of great weight in ascribing to the other party the intention to hold the agent liable either solely, or as a surety or co-promisor with the principal. The inference of an understanding that the agent is a party to the contract exists unless the agent gives such complete information concerning his principal's identity that he can be readily distinguished. If the other party has no reasonable means of ascertaining the principal, the inference is almost irresistible and prevails in the absence of an agreement to the contrary.
Restatement (Second) of Agency § 321, at 70.
In view of the contractual reference to the Magic Moment trade name, the annotation at 150 A.L.R. 1303 (1944) entitled "Use of tradename in connection with contract executed by agent as sufficient disclosure of agency or principal to protect agent against personal liability" is directly on point. The annotator points out that with the possible exception of a single decision, all of the prior cases on the subject have held that the use of a trade name is not a sufficient disclosure of the identity of the principal so as to eliminate the liability of the agent.
In Cobb v. Knapp, 71 N.Y. 348 (1877), an agent who purchased wheat for the "Blissville Distillery" was held personally liable for payment because the name of the distillery did not sufficiently disclose its proprietors. The court in Saco Dairy Co. v. Norton, 140 Me. 204, 35 A.2d 857 (1944), made a similar ruling with respect to purchases made by a hotel manager for "Breakwater Court." In Amans v. Campbell, 70 Minn. 493, 73 N.W. 506 (1897), O.H. Campbell was held individually liable on a contract he entered into on behalf of Campbell and Co. even though his wife actually owned and operated Campbell and Co. Illustrative of the cases cited in the supplement to the annotation is Carter v. Walton, 469 S.W.2d 462 (Tex.Civ.App. 1971), holding that the fact that the defendant signed contracts as agent for the Tally-Ho Motor Hotel, actually a trade name of its corporate owner, did not constitute a sufficient disclosure of his principal to avoid personal liability. See also Brown-Wright Hotel Supply Corp. v. Bagen, 112 Ga. App. 300, 145 S.E.2d 294 (1965); Judith Garden, Inc. v. Mapel, 73 Misc.2d 810, 342 N.Y.S.2d 486 (1973).
Of course, if the contracting party knows the identity of the principal for whom the agent purports to act, the principal is deemed to be disclosed. Potter v. Chaney, 290 S.W.2d 44 (Ky.App. 1956). A dispute concerning such knowledge presents an issue of fact. Myers-Leiber Sign Co. v. Weirich, 2 Ariz. App. 534, 410 P.2d 491 (1966). Here, however, nothing indicates that appellant had ever heard of Seascape at the time the contract was signed. Subsequent knowledge of the true principal is irrelevant where performance of an indivisible contract has commenced. Howell v. Smith, 261 N.C. 256, 134 S.E.2d 381 (1964). The trial court emphasized that Costas drafted the contract. However, it was not incumbent upon him to ferret out the record ownership of the Magic Moment when he had every reason to believe that one of the owners was signing the contract. Jeff knew that the owner was Seascape, and he had it within his power to avoid personal liability by properly disclosing his principal. Since there is no evidence that the appellant knew or should have known the true principal, the law holds Jeff legally responsible.
That portion of the judgment exonerating Jeff Rosenberg from liability is reversed, and the case is remanded for further proceedings. Since Jeff's counterclaim was also dismissed on the premise that only Seascape was bound on the contract, this ruling must also be reversed. If Jeff can be held personally liable on the contract, he *660 also has a right to prosecute a claim for breach of that contract or for other relief which relates to the contract. In all other respects, the judgment is affirmed.
BOARDMAN, A.C.J., and SCHOONOVER, J., concur.