# CORAL STEEL & SUPPLY COMPANY v ARP, etc.

## Case No. MS-87-13990-RF

County Court, Palm Beach County, Florida

December 11, 1987

### APPEARANCES OF COUNSEL

**Scott Kramer** for plaintiff.

**Don R. Boswell** for defendant.

### OPINION OF THE COURT

ROBERT M. GROSS, County Judge.

This case came before the Court for non-jury trial on November 25, 1987. The Court heard sworn testimony and reviewed documents introduced into evidence.

The sole issue in this case is whether Defendant is personally responsible for certain bills or whether the liability is solely that of a corporation, Floresta Pools, Inc. Defendant George Arp is the president and sole shareholder of Floresta Pools, Inc. In 1985, Arp opened an account with Plaintiff. Prior to opening the account, Arp supplied no corporate information. Nor did he insist that the account was corporate only. Although Arp was provided with several credit applications requesting information concerning his business entity, he filled out and returned none of them. Plaintiff's records showed the account

name as "Floresta Pools," without corporate designation. Plaintiff addressed certain billings to George Arp. Later, at Arp's request, Plaintiff mailed billings to "Floresta Pools." All payments made on the account were by check drawn on Floresta Pools' corporate account. On the company trucks, Floresta Pools was identified as a corporation.

The legal issue for determination is whether Arp sufficiently disclosed the identity of his principal—Floresta Pools, Inc.—so that he might avoid personal liability. It was Arp's burden to disclose not only the identity of the principal, but also the fact of his agency. *Van D. Costas, Inc. v. Rosenberg,* 432 So.2d 656, 658-59 (Fla. 2d DCA 1983); *see, E.A. McQuade Travel Agency, Inc. v. Domeck,* 190 So.2d 3 (Fla. 4th DCA 1966). On an open account, the proper time for such disclosure is when the account is opened and credit first extended. One who extends credit to an individual has no duty to seek out the identity of the corporate principal. *Van D. Costas, Inc. v. Rosenberg,* 432 So.2d at 658. Unless an agent fully discloses the fact of his agency, the party

> . . . dealing with the agent may understand that he intended to pledge his personal liability and responsibility in support of the contract and for its performance. *Id.*

In this case, Arp failed to take those steps necessary for him to avoid individual liability. Accordingly, it is

ORDERED AND ADJUDGED that Plaintiff, CORAL STEEL & SUPPLY COMPANY recovers from Defendant, GEORGE ARP d/b/a FLORESTA POOLS, INC. the sum of $1,361.02 in principal, $71.59 for interest and $50.25 for court costs, for which let execution issue, with interest at 12% per annum.

DONE AND ORDERED in West Palm Beach, Florida this 11th day of December, 1987.