**HOMECO DEVELOPMENTS, Mandalay Development, and Saturn Hereditaments, Ltd., Plaintiffs,**

v.

**MARKBOROUGH PROPERTIES, LTD., Merrill Lynch Realty, Inc., and Boca Pointe Realty, Inc., Defendants.**

No. 85–8661–CIV.

United States District Court,
S.D. Florida,
Miami Division.

March 3, 1989.

Frates Bienstock & Sheehe by Terry S. Bienstock, Miami, Fla., Alley Maass Rogers Lindsay & Chancey, P.A. by George P. Ord, Palm Beach, Fla., for defendants.

Kenny Nachwalter & Seymour, P.A. by James J. Kenny and David P. Frankel, Miami, Fla., for intervenor Porten Sullivan Corp. of Fla.

### ORDER DENYING MERRILL LYNCH'S AMENDED MOTION TO DISMISS

JAMES LAWRENCE KING, Chief Judge.

Defendant Merrill Lynch has filed an amended motion to dismiss plaintiffs' amended complaint. Because the court vacated its previous order dismissing the case, the court now entertains this motion to dismiss.

The defendant's first argument supporting its motion to dismiss is that the plaintiffs lack the capacity to sue. Although organizations such as unincorporated associations lack the capacity to sue, entities such as partnerships and limited partnerships are not necessarily precluded from suing. Specifically, a partnership holding title to real property may initiate litigation in its organizational name. *See Irwindale Co. N.V. v. Three Islands Olympus*, 474 So.2d 406 (Fla. 4th D.C.A.1985). Because each partnership is suing to protect its interest in the real property in Boca Pointe P.U.D., each plaintiff has the capacity to sue.

In addition to the capacity to sue argument, Merrill Lynch argues that plaintiff Saturn Hereditaments, Ltd. lacks capacity to sue because it failed to comply with Florida's fictitious name statute. Merrill Lynch contends that Saturn Hereditaments has failed to register its fictitious name in Palm Beach County and therefore, does not have the capacity to maintain an action in any Florida court. *Fla.Stat.* § 865.09(5)(a) (1987). Saturn Hereditaments, however, is a foreign corporation qualified to do business within Florida. Although corporations generally must file their fictitious name, the state recognizes as an exception to this filing requirement a corporation that does business under the name in which it was incorporated. *See Op.Atty.Gen.*, 068–2, January 8, 1968. Because the court does not recognize the need for the corporation to file under the fictitious name statute, this ground for dismissal of the action is rejected.

The defendant further argues that plaintiffs are not the real parties in interest and thus the amended complaint should be dismissed. Specifically, the defendant states that plaintiffs' allegations in the amended complaint do not establish that the plaintiffs possess the substantive rights which they are seeking to enforce.

The defendant contends that the exhibits attached to the amended complaint did not name any of the plaintiffs. Because plaintiffs have alleged that they were injured from anticompetitive conduct, plaintiffs are real parties in interests. *See Reiter v. Sonotone Corp.*, 442 U.S. 330, 99 S.Ct. 2326, 60 L.Ed.2d 931 (1980); *Zenith Radio Corp. v. Hazeltime Research*, 395 U.S. 100, 89 S.Ct. 1562, 23 L.Ed.2d 129 (1969).

Merrill Lynch's next argument is that plaintiffs have failed to join an indispensable party. Specifically, Merrill Lynch contends that a third entity assumed the role as exclusive agent for sale of residential units at Boca Pointe P.U.D. on January 1, 1983. In other words, another entity was the exclusive marketing entity during the period of alleged antitrust violations. Merrill Lynch, therefore, contends that complete relief cannot be accorded without the presence of this indispensable party. Although the policies supporting Rule 19(a) of the Federal Rules of Civil Procedure are important, courts in antitrust cases recognize that co-conspirators are jointly in severally liable for all damages occasioned by their illegal acts. *William Inglis & Sons Baking Co. v. ITT Continental Baking Co.*, 668 F.2d 1014 (9th Cir.1981). Consequently, a plaintiff in a private antitrust action is not required to sue all co-conspirators but may choose to proceed against less than all or even one of them for damages. *Id.* at 1053; *see also Wilson P. Abraham Construction Co. v. Texas Industries*, 604 F.2d 897 (5th Cir. 1979) *aff'd sub nom. Texas Industries Inc. v. Radcliff Materials Inc.*, 451 U.S. 630, 101 S.Ct. 2061, 68 L.Ed.2d 500 (1981). This other alleged exclusive marketing agent, therefore, is not an indispensable party to this action, so the case should not be dismissed or abated.

Merrill Lynch further submits that the amended complaint should be dismissed because plaintiffs lack standing to maintain their claims for violation of antitrust laws. Standing in an antitrust action requires a plaintiff to suffer an antitrust injury, which injury is of the type the antitrust were intended to prevent and which flows from the defendants' unlawful acts. *Midwestern Waffles, Inc. v. Waffle House, Inc.*, 734 F.2d 705 (11th Cir.1984); *see also* 15 U.S.C. § 15. Plaintiffs' allegations that their purchase of land in Boca Pointe P.U.D. was conditioned on the execution of an exclusive brokerage agreement with Markborough's designee and that this agreement prohibited them from selling their units through any other broker and from selling them directly to the public, the plaintiffs could be considered consumers of the tied product, the brokerage services, and also be deemed competitors in the real estate brokerage market in Palm Beach County. While the Sherman Act is not a panacea, plaintiffs' allegations sufficiently relate to activity forbidden by antitrust laws and are the type of injury the antitrust laws were intended to prevent.

Merrill Lynch also seeks to dismiss several of the counts under Rule 12(b)(6) of the Fed.R.Civ.P. for the plaintiffs' failure to state a claim upon which relief can be granted. Merrill Lynch submits that Count I should be dismissed on the grounds that it fails to state a claim upon which relief can be granted under either the Clayton Act or the Sherman Act. Initially, Merrill Lynch contests the cause of action for an illegal tying arrangement in violation of § 3 of the Clayton Act. Merrill Lynch's persuasive argument seemingly convinced plaintiffs to voluntarily dismiss the claim asserted in Count I of the amended complaint that is predicated on § 3 of the Clayton Act, so the court need not consider this argument.

Merrill Lynch also contests Count I of the amended complaint for failing to sufficiently allege a tying arrangement in violation of the Sherman Act. The defendant attacks the allegations as insufficient, arguing that the alleged arrangement involves only one product, that plaintiffs failed to allege an economic interest, that plaintiffs failed to allege sufficient economic power within the tying product market, and finally that the plaintiffs failed to allege anti-competitive effects in the market for the tied product. After reviewing the parties' arguments, the court finds that the

plaintiffs alleged that two products were unlawfully tied by the defendants' arrangement. Specifically, the plaintiffs sufficiently alleged that the tying product was the sale of undeveloped land in Boca Pointe PUD and that the tied product was the exclusive brokerage services that plaintiffs were forced to use. The defendants' remaining arguments regarding the tying arrangement in violation of the Sherman Act are without merit and the court agrees that the plaintiffs have made sufficient allegations. Plaintiffs, consequently, have made sufficient allegations to withstand dismissal of Count I of the complaint based on the Sherman Act.

▪ Merrill Lynch also seeks to dismiss Count II based on an alleged violation of § 1 of the Sherman Act. Merrill Lynch contends that plaintiffs have failed to sufficiently allege that the defendants participated in a contract, combination or conspiracy to restrain trade and that the plaintiffs have failed to allege the requisite anti-competitive effect. After reviewing the amended complaint, the court finds that plaintiffs have sufficiently alleged that defendants participated in a contract, combination or conspiracy to restrain trade and that the plaintiffs have also sufficiently alleged the requisite anti-competitive conduct. Accordingly, the court denies Merrill Lynch's motion to dismiss Count II of the complaint.

The defendant also seeks to dismiss Count III for failure to state a claim upon which relief can be granted, arguing that for the Sherman Act violation the plaintiffs have failed to sufficiently allege monopolization, attempted monopolization and conspiracy to monopolize. The court also rejects these arguments because the complaint sufficiently sets forth allegations regarding monopolization and the Sherman Act violation. Count III, therefore, is not dismissed.

Merrill Lynch also seeks to dismiss Count IV for Florida antitrust violations for failure to state a claim upon which relief can be granted. Florida's antitrust provisions are patterned after federal antitrust legislation. *Cf. Sabates v. International Medical Centers, Inc.*, 450 So.2d 514, 517 (Fla. 3rd DCA 1984). Because the court finds the allegations sufficient regarding the federal antitrust statutes, the court necessarily finds plaintiffs' allegations sufficient to state a claim for Florida antitrust violations. Accordingly, Merrill Lynch's motion to dismiss Count IV is denied.

Merrill Lynch has also attacked plaintiffs' allegations regarding state law claims. The court, however, has reviewed the arguments of both parties and finds Merrill Lynch's arguments to be without merit. Specifically, the court finds the allegations sufficient to support the state law claims and exercises pendent jurisdiction over these claims.

▪ The final argument that the court considers is Merrill Lynch's request to dismiss the plaintiffs' claim for punitive damages. Merrill Lynch submits that the plaintiffs' claim for punitive damages is insufficient under Florida law and should be dismissed or stricken. Merrill Lynch argues that punitive damages are not available under Count V because it is essentially a breach of contract claim. The court agrees with Merrill Lynch that the general rule in Florida is that punitive damages are not recoverable for breach of contract absent an accompanying independent tort. *Southern Bell Telephone and Telegraph Company v. Hanft*, 436 So.2d 40, 42 (Fla. 1983). Merrill Lynch contends that plaintiffs have failed to allege this independent tort. The underlying allegations of fraud regarding this "contract claim" present the independent tort that allows plaintiffs to attempt to seek punitive damages in Count V.[1]

▪ Count VII alleges tortious interference with a contractual relationship and thus has the requisite independent tort.

---

1. Merrill Lynch's memorandum of law analyzes punitive damages in Count V but then concludes that exemplary damages in Count VI should be stricken. The court assumes that this discrepancy between counts is merely a typographical error and, consequently, only discusses Count V.

The court's inquiry now must focus on whether there are allegations of general facts concerning reckless, malicious or offensive conduct necessary to support an award of punitive damages. *G.M. Brod & Co. v. U.S. Home Corp.*, 759 F.2d 1526 (11th Cir.1985). Focusing on the allegations contained in Counts V and VII, the court finds the plaintiffs have sufficiently alleged general facts of reckless, malicious or offensive conduct on the part of the defendant to sustain the claim for punitive damages. Accordingly, after careful review of the record, the court

ORDERS and ADJUDGES that Merrill Lynch's motion to dismiss is DENIED.

Further ORDERS and ADJUDGES that Merrill Lynch file its answer on or before March 17, 1989.

DONE and ORDERED.