OPINION OF THE COURT
Memorandum.
Judgment affirmed without costs.
Plaintiffs commenced this action to recover a deposit that they gave to defendant for work to be done on their 1972 *998 Corvette. The defendant proffered in the court below and asserted again on this appeal is that defendants acted only in a corporate capacity and that they should not be held individually liable for moneys owed by the corporation. In support of this claim, defendants showed that the work authorization signed by plaintiffs is on the stationery of "Corvette Station”; that "Corvette Station” is the assumed name of a corporation known as "Mar-1 Power Systems, Inc.”; that a certificate of assumed name was duly filed with the Secretary of State as required by General Business Law § 130 (1) (b); and that Mar-1 Power Systems, Inc., has been defunct since April 1988, when it was evicted from its place of business at 101 Patchogue Road, Port Jefferson Station.
In our view, defendants cannot under these circumstances avoid individual liability. An agent is individually liable if at the time of making the contract he fails to disclose the fact of his agency and the identity of his principal (see, McClure v Central Trust Co., 165 NY 108; Argersinger v MacNaughton, 114 NY 535; 3 NY Jur 2d, Agency, § 309). The requirement of disclosure is not met by the use of a trade name (see, Cobb v Knapp, 71 NY 348; Judith Garden, Inc. v Mapel, 73 Misc 2d 810, affd 75 Misc 2d 558; New England Whalers Hockey Club v Nair, 1 Conn App 680, 474 A2d 810; 3 Am Jur 2d, Agency, § 327; 3 CJS, Agency, §371; Annotation, Disclosure of Agency —Use of Tradename, 150 ALR 1303). While it may be true that plaintiffs could have ascertained the identity of defendants’ principal by checking the records on file with the Secretary of State, they were not required to do so. It would be unreasonable to place upon the consumer the burden of checking the records on file with the Secretary of State and with the County Clerk (see, General Business Law § 130 [1] [a]) every time that he enters into a contract with a party using an assumed name. In contrast, defendants could easily have protected themselves from individual liability by disclosing the fact of their agency and the identity of their principal. This, they failed to do.
DiPaola, P. J., Colons and Ingrassia, JJ., concur.