## COOPER d/b/a COOPER DIRECT RESPONSE MARKETING v J.J. MARSH, INC.

Case No. 91-034 AP

Eleventh Judicial Circuit, Dade County

July 12, 1991

### APPEARANCES OF COUNSEL

**Lee P. Marks, Esquire,** Somberg & Marks, P.A., for appellant.

**Joel M. Gaulkin, Esquire,** for appellee.

Before ESQUIROZ, ROBINSON, FIERRO, JJ.

### OPINION OF THE COURT

PER CURIAM

We reverse the trial court's order entering summary judgment in

favor of appellee and against appellant individually because we agree with the appellant's position that the failure of a corporation to comply with the fictitious name law does not necessarily result in the imposition of personal liability on a corporate officer for obligations entered into in the corporate name. This proposition holds true even where the words "corporation," "company," "incorporated," or such other term as would clearly indicate corporate status, do not follow or qualify the corporate name used in the transaction, and where the corporate name has not been registered as a fictitious name *without* such descriptive word.

It is true that Florida Statutes Section 607.024 (1989) requires that a corporate name shall contain the word "corporation," "company," or "incorporated," or such other word, abbreviation, affix, prefix or suffix as will "clearly indicate" that it is a corporation as opposed to a natural person or partnership. § 607.024(1), Fla. Stat. (1989). But subsection (9) of Florida Statutes Section 865.09 (1989), which has been effective since June 5, 1985, clearly spells out the penalties for non-compliance with the fictitious name registration requirements, and personal liability is not one of them. The statute provides:

(a) If a business fails to comply with this section, the business, its members, and those interested in doing such business may not maintain any action, suit, or proceeding in any court of this state until this section is complied with. An action, suit, or proceeding may not be maintained in any court of this state by any successor or assignee of such business on any right, claim, or demand arising out of the transaction of business by such business in this state until this section has been complied with.

(b) *The failure of a business to comply with this section does not impair the validity of any contract, deed, mortgage, security interest, lien, or act of such business and does not prevent such business from defending any action, suit, or proceeding in any court of this state.* However, a party aggrieved by a non-complying business may be awarded reasonable attorney's fees and court costs necessitated by the non-complying business.

(c) Any person who fails to comply with this section commits a misdemeanor of the second degree, punishable as provided in § 775.082 or § 775.083.

§ 865.09(9), Fla. Stat. (1989) (emphasis added).

Moreover, our own independent research has failed to disclose any

**11**

Florida decisional law holding that personal liability attaches upon a business' failure to comply with the fictitious name law.[1]

Rather, we perceive the true issue in this case to be whether appellant Julie Cooper sufficiently disclosed the identity of her principal so as to thereby avoid any personal liability that might result to her on account of such non-disclosure. Where a person enters into a contract as agent for an undisclosed principal, or for a partially disclosed principal, he or she may be held individually liable on the contract. *See Robinson & St. John Advertising and Public Relations, Inc. v Lane,* 557 So.2d 908, 910 (Fla. 1st DCA 1990); *Van D. Costas, Inc. v Rosenberg,* 432 So.2d 656 (Fla. 2d DCA 1983). Thus, in order for an agent to avoid personal liability on a contract negotiated in the principal's behalf, he must disclose not only that he is an agent but also the identity of his principal. *Robinson & St. John Advertising and Public Relations, Inc. v Lane, supra,* 557 So.2d at 910; *Van D. Costas, Inc. v Rosenberg, supra,* 432 So.2d at 658. Ordinarily, the use of a tradename is not necessarily a sufficient disclosure of the identity of the principal so as to eliminate the liability of the agent. *Id.,* citing 3 Am.Jur.2d *Agency* § 320 (1962). But if the contracting party knows the identity of the principal for whom the agent purports to act, the principal is deemed to be disclosed. *Van D. Costas, Inc. v Rosenberg, supra,* 432 So.2d at 659. A dispute concerning such knowledge presents an issue of fact. *Van D. Costas, Inc. v Rosenberg, supra,* at 659.

In the present case, the very documents upon which appellee has sued (a purchase order and an invoice for printing work), taken together with the affidavits filed by both parties, raise genuine issues of material fact in this regard, rendering summary judgment inappropriate. The appellee's invoice reads: "Sold to: Cooper Direct Response, 2539 S. Bayshore, Suite 227, Coconut Grove, Fl. 33131." Likewise, the

---

[1] The appellant argues that the exception to the fictitious name filing requirement which is applicable to corporations operates in this instance to exempt appellant from the requirement of registering the name "Cooper Direct Response Marketing" as a fictitious name because it is the same name under which the corporation was incorporated, namely, "Cooper Direct Response Marketing, Inc." It is true that under persuasive interpretations of the Florida fictitious name statute, an exception to the fictitious name filing requirement has been carved out for corporations that do business under the name in which they were incorporated. See A.G.O. 68-2, January 9, 1968. See also Homeco Developments et al v Markborough Properties, Ltd., 709 F.Supp. 1137, 1138 (S.D. Fla. 1989). But whether or not appellant was required to comply with the fictitious name filing requirement is immaterial to a resolution of the instant appeal, in light of the fact that even a failure to comply is not to be penalized with personal liability under the statute. We need not therefore directly answer the appellant's suggestion.

12

purchase order indicates that it is the purchase order of "Cooper Direct Response Marketing." Julie Cooper's name does not appear anywhere within these documents, neither one of which is issued in her name or signed by her.

Furthermore, the appellee's sales representative signed an affidavit stating that Julie Cooper presented her business card to her at a direct mail show in New York City, that in her capacity as sales representative she executed the purchase order in question and issued the appellee's invoice as stated, and that it was her understanding when she executed Cooper Direct Response Marketing's purchase order that it represented the contract between the appellee and Cooper Direct Response Marketing. The appellee's sales representative also attached Julie Cooper's business card to her affidavit. The business card contained the name "Julie Cooper," without any title, at the center of the card, along with the name "Cooper Direct" printed above and "Cooper Direct Response Marketing" and its address printed below Julie Cooper's name. Julie Cooper also filed an affidavit in which she averred, inter alia, that she "did not at any time hold herself out to any vendor or other business entity as a sole proprietor but at all times conducted business as a corporate officer of COOPER DIRECT RESPONSE MARKETING, INC."

Thus, we conclude that the contents of the purchase order and invoice, as well as the affidavits filed, raise genuine issues of material fact concerning whether Julie Cooper sufficiently disclosed to the appellee or to its representative the fact of her agency and the identity of her principal so as to protect herself against personal liability. This question cannot be answered as a matter of law by simply narrowly focusing on the fact that Cooper Direct Response Marketing was not specifically described or qualified as a corporation in the documents exchanged in the transaction. A dispute concerning what knowledge the contracting party had of the identity of the principal for whom the agent purported to act presents an issue of fact. *See Van D. Costas, Inc. v Rosenberg, supra,* 432 So.2d at 659.

Accordingly, the trial court's order entering summary judgment for the appellee and against appellant individually is reversed, and the cause is remanded for further proceedings consistent herewith.